## ED. CHOICE v. THE STATE.

No. 3999.   Decided November 18, 1908.

**1.—Assault to Murder—Indictment—Grand Jury—District Attorney.**

Upon trial of assault with intent to murder where the record shows that the grand jury upon the suggestion of the district attorney found a new bill of indictment, and that the district attorney was not present when the grand jury voted on the bill, it will be assumed that the grand jury acted within its sound discretion, and it can not be assumed that they heard no testimony before returning the bill.

**2.—Same—Evidence—Impeaching Testimony.**

Where upon trial for assault with intent to murder, one who was particeps criminis had turned State's evidence and testified that he entered into the conspiracy with defendant and others through fear, testimony on the part of the defense to show that said State's witness was over-bearing and the people afraid of him in the community was inadmissible to contradict the State's witness that he acted through fear, as not withstanding his over-bearing nature he could still be an arrant coward.

**3.—Same—Evidence—Impeaching Witness—Moral Turpitude.**

Upon trial of assault with intent to murder where upon cross-examination of an accomplice who had stated in answer to a question by the district attorney that he had heretofore been convicted in another State for murder, whether he had not also been convicted of murder for killing his baby niece, there was no objection in refusing to permit such cross-examination, as it would not increase the witness' moral turpitude as to who he murdered.

**4.—Same—Argument of Counsel.**

Where upon trial of assault with intent to murder the State's evidence showed that the defendant conspired with others to either steal, kill or drive the hogs of prosecuting witness away, and that they carried their guns along for the purpose of killing anyone who interfered with said unlawful enterprise, there was no error in the State's counsel language to the jury that he saw no way for them to avoid convicting this thief and murderer, turning to the defendant when he said this.

**5.—Same—Charge of Court—Different Counts—Plea of Not Guilty—Burden of Proof.**

Upon trial of assault with intent to murder where the indictment contained different counts, there was no error in the charge of the court instructing the jury to pass upon the issue made by the allegations in certain counts of the indictment on the one hand, and the plea of not guilty on the other hand. This did not shift the burden.

**6.—Same—Charge of Court—Principals.**

Upon trial of assault with intent to murder where defendant was indicted jointly with others, there was no error in the court's charge in submitting the law of principals to refer to another portion of his charge upon the same subject, to the effect that if defendant acted upon his own volition he would be guilty of the offense.

**7.—Same—Charge of Court.**

Upon trial of assault with intent to murder where defendant was jointly indicted with others, there was no error in the court's charge that if the other parties did the shooting without the aid, etc., of the defendant to acquit defendant; because the insistence that the evidence did not show that these other parties fired was not borne out by the evidence.

Appeal from the District Court of Smith. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Fitzgerald & Butler,* for appellant.—On question of charge on principals as being contradictory and meaningless: Blair v. State, 26 Texas Crim. App., 394.

There was no testimony authorizing the giving of any charge to the jury as to Gus Lott shooting at any of the parties, and it

was improper to inject said issue into the case, and charge the jury thereon. Tittle v. The State, 35 Texas Crim. Rep., 96; 31 S. W. Rep., 677; Anderson v. The State, 34 Texas Crim. Rep., 546; 31 S. W. Rep., 673; Bell v. The State, 56 S. W. Rep., 913.

On question of evidence as to moral turpitude of State's witness: Watts v. State, 18 Texas App., 381. On question of burden of proof as to plea of not guilty: Wagner v. State, 17 Texas Crim. App., 554.

*F. J. McCord,* Assistant Attorney-General, for the State. On question of moral turpitude: Carrol v. State, 32 Texas Crim. Rep., 43; Best on Ev., secs. 130 and 640.

BROOKS, JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at four years confinement in the penitentiary.

This is the second appeal of this case. The former opinion will be found in 52 Texas Crim. Rep., 285.

The facts, in substance, show that Jim Williams owned some hogs, and at night kept them penned in the bottom. Learning that some parties were going to steal or kill the hogs or drive them away, he secured the services of the constable and lay in watch for their anticipated trespass upon his property. As the prosecuting witness and the constable, in company with others, approached the pen, said trespassers, including appellant, according to the State's case, fired upon the constable and the prosecuting witness, Jim Williams. They returned the fire and a general fusillade of shots were returned by each of the parties until the trespassers ran away. No one was shot. The evidence further shows that at the time of the shooting the parties engaged therein were a very short distance from each other. This is a sufficient statement of the evidence to discuss the questions involved in this record.

The indictment contains three counts: the first charging assault with intent to murder W. D. Lowery, the constable; the second, an assault with intent to murder Jim Williams, the complaining witness, and the third, an assault with intent to murder Jim Williams, W. D. Lowery, Martin Killean, and Charles Williams. The court refused to submit the last count.

Appellant made a motion to quash the indictment on the ground that the district attorney was present when the grand jury were deliberating upon the accusation against the defendant. That the Hon. J. H. Beavers, as district attorney, prepared the bill of indictment in this case, carried it prepared into the grand jury room and told the grand jury that he desired them to find a new bill of indictment in this cause, because he desired additional grounds in the indictment that were not in the old indictment which was then pending, that it was unnecessary in such transactions to have witnesses before them;

that if they, the grand jury, desired witnesses he would have them brought before them; that some members of the grand jury told the district attorney if that was customary and proper, it would be all right with them to find the indictment, and being assured that it was not improper, they told him they would do so; whereupon the said district attorney retired from the grand jury room and the grand jury voted to find the present indictment. There was no error· in the refusal of the court to quash the indictment. Where an indictment, in the judgment of the district attorney, is insufficient, he being the legal adviser of the grand jury, it is his duty to call their attention to said fact and have a new indictment presented. The bill shows that he was not present when they voted on the bill. The statute precludes any one being present save and except the grand jury when they vote on a bill, but the law of this State is, that the grand jury may take the advice of the district attorney, or the judge, when· they do not agree with the district attorney, on returning indictment, on questions of law. We can not consider the fact, if it be a fact, that they heard no testimony before returning the new bill. This matter is left with the sound discretion· of the grand jury.

Bill of exceptions No. 2 shows that appellant placed Earl Harrison on the stand and asked him the following question: "Please state whether or not you are acquainted with the general reputation of Reece Post in the community in which he lives, as to whether or not he was an over-bearing negro?" In answer to this question the witness stated that he knew. Then appellant asked the witness to state to the jury whether or not the said Reece Post was considered an over-bearing negro in said community, and appellant also asked said witness whether he was well acquainted with said negro, Reece Post, and whether or not he knew if the negroes in said community were generally afraid of said Reece Post, and the witness stated that he could answer said question. The object and purpose of said questions being to show that the negroes in the community in which Reece Post lived were afraid of him and that he was a terror to said negroes, and that the general reputation in that regard was known all over said community as an over-bearing negro, and that he, Reece Post, was not afraid of any statements that he had testified to, or of being afraid to not go into the proposed conspiracy made by Dave Choice, also to throw light upon his testimony, and for the purpose of affecting his credibility as a witness. The State objected to all the questions on the ground that it was immaterial and irrelevant. The witness would have answered, if permitted to do so, that the general reputation of Reece Post in the community in which he lived was that of an over-bearing negro, and that he was considered a bully, and to the other question he would have answered that the negroes in said community were generally afraid of said Reece Post, and he was considered a terror to them. On the trial of the case Reece Post turned

State's evidence, and, among other things, said he entered into a conspiracy with the parties, to injure or steal the hogs, through fear. This evidence was offered on the theory that it would refute the idea that he entered with said motive. We do not think the testimony was admissible for said purpose. He may have been an over-bearing creature and most people afraid of him in the community, and still be an arrant coward. There was no error in the ruling of the court.

Bill of exceptions No. 3 shows the accomplice Reece Post, in response to a question asked him by the district attorney, stated he had been in the penitentiary from the State of Arkansas, having been convicted of murder in the second degree, and upon cross-examination the defendant asked said Reece Post if it was not a fact that he had been convicted and sent to the penitentiary from Arkansas for killing a baby girl, and if it was not a fact that said baby girl was his own niece. The object and purpose of said questions were for the purpose of contradicting said witness, and for the purpose of affecting or going to his credibility. This testimony was objected to on the ground that it was irrelevant and immaterial. If permitted to answer, he would have testified that he did go to the penitentiary of Arkansas for murdering a baby girl who was his niece. If he murdered the baby girl, in contemplation of law it involved no more moral turpitude than murdering any one else. It is always permissible to prove that he murdered some one to effect his moral turpitude, but it would not increase his moral turpitude as to who he murdered, and hence would not increase the lack of credibility of his testimony. Therefore, it becomes immaterial who he murdered. See Best on Evidence, section 130, and section 640.

Bill of exceptions No. 4 complains of the argument of the district attorney. He turned to the defendant and told the jury that there was no way for them to avoid convicting that thief and murderer. The court approved the bill with the following statement: "The district attorney, after discussing all the evidence in the case, contending that the facts showed a conspiracy to commit theft and also to murder, said, in substance, 'I see no way for you to avoid convicting this thief and murderer.'" We can not say the argument was not legitimate. If the State's evidence be true, then appellant evidently conspired with the others to either steal, kill or drive the hogs away, and carried their guns along for the purpose of killing any one who interfered with said unlawful enterprise. If he had killed the prosecuting witness, under the circumstances, it would have been murder; if he had stolen the hogs he certainly would have been a thief.

Appellant complains in his fourth ground of motion for a new trial of the following charge of the court: "You will only pass upon the issue made by the allegations in the first and second counts to the indictment upon the one hand, and the plea of not guilty of

defendant upon the other." Appellant insists that said charge made it an issue for the jury to determine as to whether or not the defendant was not guilty; said charge conflicted with and destroyed the charge of the court to the effect that the defendant must be found guilty beyond a reasonable doubt, and also destroyed the effect of that paragraph in the charge, which instructed the jury that the defendant is presumed to be innocent until his guilt is established by legal evidence, and in case the jury should have a reasonable doubt as to his guilt, they should acquit, and because the effect of said instruction required the defendant to show to the jury that he was not guilty, and was calculated to mislead the jury and prejudicial to the rights of defendant. We do not agree with this criticism. It was the duty of the court to tell the jury of the counts in the indictment they should pass on. It was not necessary for the court to say: "and the plea of not guilty of defendant," but certainly the jury had to pass upon that plea in answer to the two counts in the indictment. The charge complained of was simply calling the jury's attention to those matters that they would be called to pass upon.

The fifth ground of the motion objects to the following charge, to wit: "If you should, however, find that this defendant although present did not know of the unlawful intent, if any, of Dave Spencer and D. D. Choice in shooting, if they did shoot under circumstances amounting to an assault with intent to murder, under the law given you in charge, and that he so knowing did not act together with or aid by acts said Dave Spencer and D. D. Choice, or if you have a reasonable doubt as to whether he knew of the unlawful intent of D. D. Choice and Dave Spencer, or if you find that he knew thereof, but you find that he did not, or if you have a reasonable doubt as to whether he so knowing of the unlawful intent of Dave Spencer and D. D. Choice acted together with and aided by acts said Spencer and D. D. Choice, in so shooting, if you find they did shoot, you can not convict this defendant as a principal, and you will acquit him, unless you find beyond a reasonable doubt that he is guilty under subdivision No. 3 of this charge." Appellant insists said charge is contradictory and, therefore, calculated to mislead the jury, and because the court in said charge told the jury that although the defendant was present and he did not know of the unlawful intent of Dave Spencer and D. D. Choice in the shooting, and also charged that he so knowing did not act together with or aid by acts said Spencer and Choice, to not convict the defendant as a principal, unless they believed he was guilty under subdivision No. 3, which two statements are conflicting and contradictory. We do not think the charge is contradictory, but a very proper presentation of the law of this case. Subdivision 3 of the charge tells the jury that if he made an assault with intent to murder either of these parties of his own volition, he would be guilty of assault with intent to murder. Then,

the charge complained of says: If he was a principal aiding and abetting D. D. Choice and Dave Spencer in making said assault, he would be guilty of assault with intent to murder.

The sixth ground of the motion complains that the court committed error in charging the jury that "if Gus Lott and Reece Post were in the hog pen and that they or either of them fired at Jim Williams or W. D. Lowery, or if you have a reasonable doubt thereof, you will acquit the defendant, unless you find beyond a reasonable doubt that he is guilty under the third subdivision of this charge," the insistance being that the testimony does not show that either of said parties fired the shot. These parties were there at the time of the shooting with weapons, and the circumstances show that they were probably co-operating with the other parties in the conspiracy. The evidence is unsatisfactory as to who did the shooting, but that some of the parties did it is beyond doubt.

Appellant further complains of the sixth paragraph of the charge, but the same is a very proper presentation of the law of this case. Nor was there any error in submitting the idea under a separate paragraph in the charge that D. D. Choice, Dave Spencer, Gus Lott and Reece Post committed the assault. The court, in substance, tells the jury that if defendant was present, and did not aid nor abet either of the parties, or if the jury has a reasonable doubt thereof, to find him not guilty.

We find no error in this record, and the charge is in clear consonance with the law of this State, and has followed the suggestions made in the former opinion.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled.—Reporter.]