VICTORIANO RAMIREZ V. THE STATE.

No. 22193. Delivered June 24, 1942.
Rehearing Denied October 28, 1942.

The opinion states the case.

*C. H. Gilmer,* of Rocksprings, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a sentence of life imprisonment.

It is charged that appellant, together with Lorenzo Fernandez and Juan Carbajal, voluntarily and with malice aforethought killed Cruz Sandoval, Sr., on the 13th day of July, 1940, by stabbing him with a knife. The deceased, together with his son and other members of the family, had recently moved to the town of Rocksprings in Edwards County, and engaged in cutting cedar. Late in the afternoon of July 13 the deceased and others got together the sum of $54.00 in currency which they placed in a billfold for the purpose of using

the same to make three payments past due on a truck. The father left home with the purse apparently for that purpose and did not return. At a late hour his son, who testified in the case, went to look for him. After going to two or three drink places, or saloons, he finally found him at the rear of one of the places engaged in a fuss with the appellant and other parties not named. The son interferred and, according to his testimony, picked up a beer bottle and struck appellant on the head, knocking him down. He then took charge of the father, who was drinking considerably, and escorted him into the saloon, going towards the front. Someone caught the son from his back and held him while the father went on to the front and into the street.

There is the usual conflict between appellant and his witnesses on the one side and the State's witnesses on the other as to what occurred, but it appears without denial that appellant and the other parties went through a hole in the fence to the side of the building and around to the front where they met deceased. Appellant stabbed him with a knife or dagger and, as a result, he died almost instantly.

The State's witnesses told a rather cold-blooded story of the acts of the three in inflicting several wounds, either of which might have been mortal, and of their continuing to do so until they made certain he was dead. Appellant testifies to acts of the deceased which called for an instruction on the law of self-defense which the court gave.

It was the contention of appellant that the son of the deceased struck him with a black jack instead of a beer bottle. When the case was called for trial on a change of venue to Val Verde County he filed his third motion for continuance on account of the absence of a witness who was alleged to be in New Mexico and who would testify that some time during the next day he found a blackjack hid inside of the saloon behind a musical instrument. This is the only pertinent testimony which appellant seeks to have by his motion for a continuance. We are unable, in considering the entire facts of the case, to see its materiality. The same evidence was given by another party and its only effect would be for the purpose of contradicting the testimony of the deceased's son on a matter we consider to be immaterial. Both agreed that he knocked appellant down with something, one saying that it was a beer bottle and the other that it was a blackjack. That he knocked him

down is without dispute. What he knocked him down with could not make any difference in appellant's theory of defense.

On the trial of the case witnesses were produced who testified to finding the purse, minus the money, in a nearby yard across the street. This purse was identified as being that of deceased in which the $54.00 had been placed, but there is no proof to show whether he was robbed or paid the money on the installment as he intended to, or spent it for something else. At any rate, if the State had in mind connecting appellant with the purse in any way it failed to do so, as reflected by the record, and until it casts some reflection against appellant we are unable to see any reversible error by reason of the evidence given relative to it.

The bills of exception which are most seriously urged for a reversal of the case relate to certain testimony elicited from appellant on cross examination. When he took the stand in his own behalf it was shown by the State on cross examination that he had been indicted for rape in Edwards County within four years of that date and that he was under indictment at the same time of the trial for a murder alleged to have been committed subsequent to the date of the murder for which he was on trial. This evidence was limited by the court in his charge to a consideration of the credibility of appellant as a witness at the time of the trial and not for any issue involved at the time the offense was committed, thus distinguishing it from the authorities relied on by appellant. It will be noted from the bills that he was only asked about the indictments and the offense alleged. There was no attempt to prove any of the details or even the name of the parties involved, in the absence of which we are of the opinion that the evidence was proper to be considered by the jury on the question of the credibility of the witness at the time he testified. (Choice v. State, 114 S. W. 132; Curry v. State, 257 S. W. 269; Driver v. State, 285 S. W. 312; Preather v. State, 18 S. W. (2d) 649.).

Appellant refers us to Tex. Jur. Vol. 18, p. 53, Sec. 31, discussing the general rule of the exclusion of testimony of other offenses, but we do not think that this general discussion reaches the question before us. Had the evidence of a subsequent offense been considered by the jury on any issue arising at the time of the homicide, it would have been error, unless it came within some of the exceptions which this court has recog-

nized, but attention is called to the fact, as hereinabove stated, that it was limited to the question of the credibility of appellant as a witness in his own behalf at the time of the trial and, as such, we think it was proper.

The foregoing disposes of all questions in the case which could reasonably be urged and, in our opinion, fail to show error.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the receipt in evidence of the testimony showing that, just prior to the homicide, which occurred late at night, the deceased had, upon his person, a billfold containing $54.00 in currency, and, the following morning, the billfold was found, minus the currency, in a yard across the street from the scene of the killing, was reversible error, and that we erred in failing to so hold in our original opinion. What was there said touching this matter was not intended to suggest that such testimony was inadmissible.

The record fails to reflect a direct motive for the killing. It was shown that appellant was aided and assisted, by others, in the commission of the crime.

Under such a state of facts, the evidence complained of was admissible on the issue of motive, and tended to suggest that robbery was such motive. Moreover, the testimony complained of was a part of the res gestae of the killing, and was admissible under the rule that, where offenses are so blended or connected; one with the other, that they form an indivisible transaction, evidence of the commission of any or all of them is admissible on the trial for any offense which is itself a detail of the whole criminal scheme. 18 Tex. Jur., p. 77, Sec. 39, and authorities there cited.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.