WILLIE WYATT v. THE STATE.

No. 292. Decided January 26, 1910.

**1.—Robbery—Evidence—Absent Witness, Testimony of.**

Upon trial for robbery there was no error to exclude the testimony of an absent witness, of whom it was not shown that he was dead or beyond the jurisdiction of the State.

**2.—Same—Jury and Jury Law—Precedent.**

Where the complaint as to the empaneling of the jury had been adversely decided by this court against the appellant, there was no error on this point.

**3.—Same—Allusion to Former Conviction.**

Where upon trial for robbery the State's counsel was permitted on cross-examination of the defendant to ask him whether he had not been convicted and given ten years in this case, the same was reversible error, although the court told the jury to disregard the question. Following Baines v. State, 43 Texas Crim. Rep., 490, and other cases.

**4.—Same—Variance—Firearms—Assault by Violence.**

Where the indictment charged the robbery to have been made by violence, and the evidence showed that the defendant struck the injured party over the head with a six-shooter at the time of the alleged robbery, there was no variance, as such allegation in the indictment did not charge a robbery with firearms, and the pistol was simply used as a bludgeon and therefore the proof comported with the allegation of an assault by violence.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of robbery; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for robbery, the punishment assessed being fifteen years confinement in the penitentiary.

The former appeal is reported in 55 Texas Crim. Rep., 73. A bill of exceptions was reserved which recites matters with reference to the absence of appellant's father and the circumstances are set forth in the bill of exceptions in regard to his absence as a predicate for offering his testimony given on a former trial. Without going into a detailed statement of these matters, the evidence in regard to the absence of the father excludes the idea that he is beyond the jurisdiction of the State. The testimony was excluded upon the ground that a sufficient predicate had not been shown that the witness was either dead or absent from the State, that is, beyond the jurisdiction of the court. There was no error in this ruling. We have not been furnished with a brief in the case, nor are any authorities cited in support of this

alleged error.  We have been unable to find any authorities which support this contention of appellant.  Under no provision of our statute was this testimony admissible as a matter of law or right. Nor have we been able to find a rule of evidence which would justify its introduction.  Had the father been absent from the State or dead, a very different proposition would have been presented.  Provision has been made in the Code of Criminal Procedure authorizing the accused to take depositions of witnesses when beyond the jurisdiction of the State, or to introduce depositions of such witness when taken in the State before his departure from the State, but that is not the question here involved or contended for by appellant.  We are here confronted with the proposition that the mere absence of a witness from court or his inaccessibility would justify appellant in asking for a reproduction of the testimony of the absent witness, although within the jurisdiction of the court and within the State.  There was no error in excluding this testimony.

2.  Another bill of exceptions was reserved to the action of the court in respect of impaneling the jury.  This question was decided adversely to appellant in the case of Hattie Martin v. State, 57 Texas Crim. Rep., 595, decided at the present term.  It is, therefore, unnecessary to discuss that question.

3.  Another bill discloses that while the assistant county attorney was cross-examining the defendant, he propounded this question: "Have you not been convicted and given ten years in this case?"  The court immediately interrupted and stopped the attorney, and remarked to him: "Don't ask such questions as that.  You know you have no right to ask such questions, and if you do it again the court will punish you."  The court then turned to the jury and instructed them that the question was not in evidence, and that it was illegal and improper, and that they should not consider it for any purpose whatever.  After this reprimand appellant's counsel objected to the question of the attorney for the State, and asked that they be allowed to take a bill of exception, and complained of the conduct of the State's counsel, etc.  We are of opinion this conduct was of such a nature and character that under the statute would require this court to reverse the judgment. It is true, there was no answer to the question, but it was stated in such manner that the jury did not fail to understand what was meant, and this view of it is emphasized by the statement of the court and reprimand of the attorney, and admonition to the jury not to consider it.  These matters manifested the fact that it was understood by the court and counsel, and the jury, and the whole matter emphasized the fact that it was an allusion to the former conviction; and this bill demonstrates the further fact that it was an intentional allusion by the attorney asking the question to the former conviction. The manner and promptness of the court's interference were such as to carry convincing weight to the jury that he knew, and that the fact was that appellant had been convicted before this.  True, the trial

court did his utmost to minimize the wrong done in asking the question. While not answered in terms, in the light of the entire record the jury knew the fact from the question and all that occurred as certainly and as truly as if it had been answered in the affirmative. It is unfortunate that we should under such circumstances be required to reverse a case. But we can not consent to the impairment or infringement of a right which the law in express terms gives every defendant, however humble. In Baines v. State, 43 Texas Crim. Rep., 490, at page 498, Judge Brooks, delivering the opinion of the court, used this language: "Evidently the intent and purpose of the statute was to guard appellant against the use by the State of his former conviction as evidence of his guilt, and it may be that any intentional allusion to a former conviction ought to afford ground for reversal." In that case, as in this, the infraction of article 822 of the Code of Criminal Procedure was under consideration. That article provides as follows: "The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt; nor shall it be alluded to in the argument." Baines case, supra, lays down a correct rule, and, we think, applicable to the case at bar. This statute was provided by the Legislature for the purpose indicated by its terms. If we give that statute the construction that its words would indicate or import, this conduct of the prosecuting officer was an infraction of the legislative will in regard to this question. Appellant nor his counsel were in any manner responsible for this conduct, did not provoke it, and it is evident that it was an intentional allusion for whatever advantage it might have before the jury in impressing them with the fact that on a former trial appellant had been given ten years in the penitentiary. The verdict this time was for fifteen years, and enhanced the punishment on this trial of five years over the former conviction. We, therefore, are of opinion that this judgment should be reversed. Hatch v. State, 8 Texas Crim. App., 416; House v. State, 9 Texas Crim. App., 567; Moore v. State, 21 Texas Crim. App., 666; Fuller v. State, 30 Texas Crim. App., 559; Richardson v. State, 33 Texas Crim. Rep., 518; Clark v. State, 23 Texas Crim. App., 260; Pickett v. State, 51 S. W. Rep., 375; Hargrove v. State, 33 Texas Crim. Rep., 431; Baines v. State, supra. See also Hood Brown v. State, 57 Texas Crim. Rep., 259, decided at present term of this court.

4. Another bill of exception presents the matter of variance. The evidence discloses that appellant struck Dixie Harrie over the head with a sixshooter at the time of the robbery. Appellant's contention is that this was a robbery with firearms, and this being true, it constituted a variance because the indictment only charged that the robbery occurred by means of an assault and violence by putting Harris in fear of his life and bodily injury. The indictment does charge the assault was made by violence. While the pistol was used in making the assault, it was used as a bludgeon only and not for the purpose of

shooting. Concede that under this state of facts the State would have been justified in charging robbery by means of deadly weapons, still we are of opinion that under the circumstances appellant can not be heard to complain that the State did not so charge, but only prosecuted him for robbery by means of an assault and violence. An assault was committed, and violence was used by means of striking with the pistol, but the mere fact that this was done by the use of a pistol as a bludgeon would not, in our judgment, constitute a variance. The facts met and established the allegation in the indictment that this robbery was by means of an assault and violence. The pistol was not fired at the time, nor used as firearms, but was only used as a bludgeon. Subsequently to the robbery, and after appellant had separated from his victim, and had gone about a block or such matter, there was a pistol fired, but not at the assaulted party, and this was subsequent to the robbery. We are, therefore, of opinion that this contention is without merit. Discussion of the ruling refusing the continuance is pretermitted.

There was some criticisms of the charge, but we think these are without merit. In fact, we are of opinion the charge favorably presents the issues of the case for appellant.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.