## EARL HART v. THE STATE.

No. 8728.   Delivered May 27, 1925.

Rehearing Granted October 14, 1925.

1.—Manslaughter—Jury Wheel—Names Added—Held Proper Practice.

Where the jury wheel in Eastland County was filled in August, 1923, and thereafter on the rendering of the opinion in the Atwood case, on to wit: the 12th day of January, 1924, certain names of jurors which were not placed in the wheel in August, were added, this procedure was proper. Following the cases of Knott v. State, and McNeal v. State, recently handed down by this court and not yet published.

2.—Same—Requested Charge—Properly Refused.

Where on a trial for manslaughter, appellant requested a special charge, in substance embracing his theory of self-defense which directed the jury to view the evidence of the acts of the deceased, without directing them that such acts should be viewed from the standpoint of defendant, as they reasonably appeared to him, at the time, such charge was properly refused. The court's main charge fully covered these issues, and the cause is affirmed.

3.—Same—Judgment and Sentence—Reformed.

Where a verdict convicting the defendant of manslaughter is returned, and the judgment and sentence erroneously states that he is found guilty of murder, same will be reformed to conform to the verdict. The judgment and sentence is here now reformed to read that defendant was convicted and adjudged guilty of manslaughter and that he be confined in the penitentiary for not less than two, nor more than five years.

ON REHEARING.

4.—Same—Reforming and Correcting—Verdict and Judgment.

Where the judgment and sentence do not follow the verdict, this court has the authority to correct and reform same. See Art. 847, C. C. P. Following among more recent case, Wright v. State, 84 Tex. Crim. Rep. 352. Earlier cases Hill v. State, 10 Tex. Crim. App. 673. See Vernon's Tex. Crim. Stats. Vol. 2, p. 900, subdivision 9. In correcting the judgment and sentence in the instant case, the action of the court was within the authority conferred by the statute.

5.—Same—Argument of Counsel—Held Improper—Reversible Error.

Where in his closing argument counsel for the state said in substance that the reason the state was not now prosecuting the defendant for murder, was because a jury on a former trial had convicted him of manslaughter, and the case was reversed by the court of Criminal appeals on a technicality. Such argument was violative of the letter, and the spirit of the statute, and requires a reversal of the case, this matter not having been directed to our attention when our original opinion was delivered.

6.—Same—Continued.

Art. 843, C. C. P., Vernon's Tex. Crim. Stats., Vol. 2, p. 608, reads thus: "The effect of a new trial is to place the cause in the same position in which it was before any trial took place. *The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument.*" Moreover in stating to the jury that the case was reversed on a technicality, it was calculated to prejudice the appellant's case. It was not improper to inform the jury that he had been acquitted of murder. Following West v. State, 7 Tex. Crim. App. and other cases cited.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

The opinion states the case.

*Chastain & Judkins,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was indicted and tried in the district court of Eastland County and convicted of manslaughter and his punishment assessed at confinement in the penitentiary for a term of five years. This is the second appeal to this court. The first appeal will be found in 95 Tex. Crim. Rep. 566, 255 S. W. 414.

The appellant through his counsel complains of the action of the court in refusing to quash the jury panel in this case. It appears from said motion to quash that the contention is made that the officers upon whom the law imposes the duty of filling the jury wheel between the first and fifteenth of August of each year, by their acts rendered the jury drawn from said wheel unlawful because there were additional names of approximately three or four hundred voters placed in said wheel on the 12th day of January, 1924. The court in qualifying appellant's bill in this respect states that when the jury wheel was filled in August, 1923, under a misapprehension of what the law required, the names of certain individuals exempt under the law from jury service were not placed in the wheel and when this court handed down its decision in the case of The State of Texas v. Atwood, holding that the jury wheel had been improperly filled, in that such names had not gone into the jury wheel, that the

judges of the 88th and 91st District Courts entered orders upon the minutes of the respective courts directing the officers authorized under the law to meet and place the names of all such jurors exempt under the law, in the jury wheel which was done on the 12th day of January, 1924. It is contended by appellant that by reason of aiding said additional names in said jury wheel, that said officers and said courts connected therewith violated the acts of the legislature relative to filling said wheel, and that same could only be done in August as above stated. This court in the Knott case and in the case of McNeal v. State, recently handed down and yet unpublished, held that the jury wheel could be filled at other and different times than between the first and fifteenth of August, and that there was no error in permitting same to be filled upon other dates when it is ascertained that it is improperly filled in August. We fail to see any distinction between the cases, supra, in principle and the instant case. It certainly cannot be denied that if the wheel had been improperly filled in August and thereafter it could be properly filled upon other dates as in the McNeal case, then in the instant case the additional names left out could be added without affecting the validity of the wheel. In view of the McNeal case and the Knott case, we are of the opinion that there is no error in the action of the jury commission in the instant case.

The appellant also complains of the court's refusal to give his special charge to the jury as set out in the bills of exception Nos. 2 and 3, to the effect that if the jury believed from the testimony in the case that at and just prior to the time of the homicide, the deceased was lying in wait for the defendant  *  *  *  with the intention of killing the defendant or inflicting serious bodily injury upon the defendant, and manifested any intention of carrying out such hostile purpose, if any, by any act or gesture calculated to lead the defendant to believe that his life was in danger  *  *  *  then the defendant would have the right to shoot deceased and continue to shoot so long a time as necessary to insure his own safety, etc. We don't believe there is any error in the refusal of the court to give this charge for the reason that said charge is not the law, because same is limited to the manifestations and intentions of the deceased, and to the acts and gestures of the deceased calculated to lead the defendant to believe that his life was in danger. It such cases, the law does not base the actions of the defendant on the manifestations and intentions of the deceased at all, but it is based on the impression of the acts of the deceased on the mind of the defendant and it is not based on what is calculated to lead the defendant to believe, but what the defendant actually does believe from his standpoint. This charge not being a proper charge, there is no error in the court's refusing the same, besides the court gave a broad and liberal charge to the jury

on the defendant's right to act on the appearances of the danger at the time of the killing.

The court submitted this case to the jury on manslaughter, and the jury returned their verdict in response thereto assessing the penalty at five years in the penitentiary, and the court in the judgment and in the sentence erroneously stated that the jury found defendant guilty of murder, though the recognizance properly states the verdict was for manslaughter and the sentence should have been not less than two nor more than five years. The judgment and sentence is hereby corrected to read that defendant was convicted of and adjudged guilty of manslaughter instead of murder and that he be confined in the penitentiary not less than two nor more than five years.

After a careful examination of the entire record, we are of the opinion that there is no reversible error shown and the judgment of the trial court should be reformed and affirmed, and it is accordingly so ordered.

*Reformed and Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant was indicted for murder and on the former trial was convicted of manslaughter, with punishment assessed at confinement in the penitentiary for a period of two years. The appeal resulted in a reversal. See 95 Tex. Crim. Rep. 566, 255 S. W. Rep. 414.

On the present trial the court instructed the jury thus:

"The defendant stands *charged by indictment* with the offense of *manslaughter*, alleged to have been committed in the county of Eastland and State of Texas, on or about the 23d day of May, 1922. To this charge the defendant has pleaded 'not guilty'."

The verdict read:

"We, the jury, find the defendant guilty as charged and assess his punishment at five years in the State penitentiary."

The judgment and sentence declare the appellant guilty of the offense is "murder" and assesses his punishment as confinement in the penitentiary for a term of "not less than five nor more than five years." The judgment and sentence thus entered are out of harmony with the verdict of the jury and with the law. It was manifest from the charge of the court that the appellant was on trial for the offense of manslaughter. The court instructed the jury that such

was the "*charge*" against the appellant. Responding to this instruction, the jury found the appellant guilty as charged and assessed his penalty at confinement in the penitentiary for a period of five years. Upon this verdict the court should have entered judgment and sentence against the appellant for the offense of manslaughter, for which his confinement in the penitentiary should be for a period of at less than two nor more than five years. Under Art. 938, C. C. P., Vernon's Tex. Crim. Stat., Vol. 2, pp. 900-901, are cited many decisions of this court asserting the exercise of its authority to correct the judgment and sentence so that they may correspond with the verdict rendered by the jury. This authority comes from the express language of Art. 938, supra, now Art. 847, wherein it is said:

"The Court of Criminal Appeals * * * may reform and correct the judgment as the law and nature of the case my require."

Among the more recent cases upon the subject are Wright v. State, 84 Tex. Crim. Rep. 352. For earlier cases, see Hill v. State, 10 Tex. Crim. App. 673; also collation of cases in Vernon's Tex. Crim. Stat., Vol. 2, p. 900, subdivision 9. In correcting the judgment and sentence in the present case so as to conform with the verdict, the action

In filling the jury wheel between the 1st and 15th of August, 1923, of the court was within the authority conferred by statute.

In filling the jury wheel between the 1st and 15th of August, 1923, the officers charged with that duty, by virtue of Art. 5152 of the civil code, omitted therefrom the names of persons who should have been included. This was done apparently upon a mistake or misconception upon the part of the officers, in their believing that they had a right to exclude from the jury wheel those classes of persons who, under the law, were entitled to claim exemption from jury service. After the 15th of August, discovering the error in making the omission, the names of those persons who had been omitted were under the discretion of the court placed in the wheel, and from the wheel thus supplemented, the jury in the present case was drawn. The action of the officers in the two instances resulted in putting into the jury wheel all of the names which the law authorized and required.

In Atwood's case, 96 Tex. Crim. Rep. 249, the facts revealed that in filling the jury wheel, the officers charged with that duty as in the present case, failed to place in the wheel the names of a number of persons who were qualified for jury service. From the wheel thus incompletely filled the venire was drawn. This court held that the venire should have been quashed. In Knott's case, 274 S. W., Rep. 978, the facts were similar to those in the present case. It was held that the court properly refused to quash the venire panel. To us, the distinctions seems obvious in that in one case the venire was drawn from a wheel which did not contain the names which the law demanded, and in the Knott case, as in this one, the wheel did con-

tain the names which the law required. The sole fault, as we conceive it, to be found in the procedure reflected by the present case is that the wheel was filled after the 15th day of August instead of prior to that date. We believe that there is no warrant for holding the Legislative act so rigid as to prevent the correction of the mistake by the officers in omitting a part of the names from the list. The venire was not drawn from the wheel until after the mistake had been corrected, and no injury is otherwise shown or suggested by the record. Even if the Legislature act was so unbending as to bear the construction that the wheel could be legally filled at no time after the 15th day of August, or if not filled at that time the jury list contained therein, though otherwise such as the law demanded, could not be used, still, in the present case, the action of the court would be upheld under Art. 5158, of the Revised Civil Statutes of 1911, wherein authority is given to remedy the loss or destruction of a jury wheel or its contents by refilling it or providing another in its stead. See Knott v. State, supra, and McNeal, v. State, 274, S. W. Rep. 981.

In our former opinion, we failed to take note of Bill of Exceptions No. 4 from which it appears that the attorney for the State, in his argument used the following language:

"They ask why we are not prosecuting this defendant for murder, and I am going to tell you why. On a former trial of this case, a jury convicted this defendant of manslaughter and gave him a term in the penitentiary, and the case was reversed by the Court of Criminal Appeals solely on a technicality."

Prompt exception was interposed and a verbal request to instruct the jury to disregard the remarks was made and overruled. In approving the bill of exceptions the court said that as he remembered the facts, the appellant's attorney in his argument told the jury that they could only convict the defendant of manslaughter; that he was not on trial for murder but had been acquitted of that offense; that the remarks of which complaint is made were in response to the argument mentioned. Article 843, C. C. P., in Vernon's Tex. Crim. Stat., Vol. 2. p. 808, reads thus:

"The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. *The former convictions shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument.*"

We are constrained to regard the remarks complained of as violative of the letter and spirit of the statute. It occurs to us susceptible of the construction by the jury that the former conviction of manslaughter would be a presumption of guilt in the present trial. Moreover, in stating to the jury that the case was reversed upon a technicality, the argument was calculated to prejudice the appellant's case by the jury. It was not improper to inform the jury

that the appellant had been acquitted of murder.  See West v. State, 7 Tex. Crim. App. 150; Pharr v. State, 10 Tex. Crim. App. 485. The statement by appellant's counsel that the appellant had been acquitted of murder and could not be convicted of more than man-slaughter did not, in our judgment, warrant the response that was made to it.  Authorities in point·are cited in Vernon's Tex. Crim. Stat., Vol. 2, p. 809.  Among them are Benson v. State, 56 Tex. Crim. Rep. Kirksey v. State, 58 Tex. Crim. Rep. 188; Mann v. State, 84 Tex. Crim. Rep. 109; Pierce v. State, 87 Tex. Crim. 379; Eads v. State, 170 S. W. Rep. 145.

Because of the argument mentioned, it is our opinion that a new trial should have been awarded.  For that reason, the motion for re-hearing is granted, the affirmance set aside, the judgment of the trial court is reversed, and the cause is remanded.

*Reversed and remanded.*