## JACK HARRISON v. THE STATE.

No. 14982. Delivered February 24, 1932.

The opinion states the case.

*E. E. Cochran, J. L. Manry* and *P. R. Rowe,* all of Livingston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The state relied largely upon the testimony of an accomplice witness, Willie Stevens. This witness testified that he agreed with appellant and two other parties to permit them to manufacture whisky in his pasture. He said that appellant and his companions agreed to pay him $2, and, further, to take him in with them as a partner. The version of the witness was to the further effect that he aided the parties in manufacturing whisky and that they frequently carried whisky to his house. In an effort to corroborate this witness the state proved by the wife of the witness that she had seen the parties bring whisky to her house and that on one occasion she had delivered some fruit jars and bottles to appellant. The small son of the accomplice witness testified that he had drunk some of the whisky the parties had brought to the house, and that he had seen them on his father's premises. Officers testified to having found the still in the pasture of the accomplice witness. They did not find appellant present at the time. Appellant denied that he had any arrangement with Willie Stevens or any other person to manufacture whisky. He disclaimed any connection with the still found in Stevens' pasture, and said that he had not been engaged in manufacturing whisky.

The only bill of exception in the record presents the following occurrence. Appellant was first tried on the 17th day of July, 1931. This trial resulted in the jury being unable to agree, there being eleven for conviction and one for acquittal. The case was reset for trial at the same term and called for trial three days after the first jury was discharged. During the second trial, while the accomplice witness, Willie Stevens, was being cross-examined by appellant's counsel, he was asked if it was not a fact that Willie Ryan had been tried and acquitted of the same charge for which appellant was being tried. Upon objection of the county attorney, counsel withdrew the question and it was not answered. The county attorney then stated, in the presence and hearing of the jury: "That is because you are afraid. They tried Jack Harrison (the defendant) too, and they (the jury) stood eleven to one for conviction." Appellant objected to the statement of the county attorney on many grounds. It is certified in the bill of exception that the statement was made in the presence and hearing of the jury without the slightest evidence in the case to substantiate the truthfulness of said statement. It is further certified that the statement of the county attorney was unwarranted, inflammatory and highly prejudicial to appellant's rights. The court certifies also in the bill of exception that the statement was calculated to cause, and did cause, the jury to convict appellant. The opinion is expressed that the bill of exception manifests reversible error. The fact that a former jury had stood eleven to one for conviction was calculated to injure appellant's case in the eyes of the jury. The statement made by the county attorney was not supported by the evidence. Appellant defended on the ground that he had no connection with Willie Stevens in manufacturing whisky. We are unable to say that the improper statement of the county attorney did not turn the scales against appellant. See Wyatt v. State, 58 Texas Crim. Rep., 115, 124 S. W., 929; Hart v. State, 101 Texas Crim. Rep., 514, 276 S. W., 233, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.