No. 2435.

## W. E. WILLIS AND JAMES BOYD *v.* THE STATE.

1. THEFT—FORMER CONVICTION.—It is well settled in this State that the
   stealing of different articles of property, belonging to different owners,
   at the same time and place, so that the transaction is the same, is but
   one offense, and the accused can not be convicted on separate indict-
   ments charging different parts of one transaction as in each a distinct
   offense.   A conviction on one of the indictments bars a prosecution on
   the other.

2. SAME—CASE STATED.—The proof on the trial showed that the defendants
   had been separately convicted for the theft of a cow, the property of one
   W.   The animal involved in this prosecution was alleged to be the prop-
   erty of one C., and and was found in the possession of the defendants
   at the same time and place and under the same circumstances as the W.

cow. It showed, also, that when last seen, before being found in the defendants' possession, the W. cow was on her range a mile and a half west of the town of A.; and that the C. cow when last seen before she was found in the possession of the defendants, was on her range several miles southwest from the said town of A. Under this proof, the defendants pleaded in bar to this prosecution their former conviction for the theft of W.'s cow, alleging the taking of the two cows to be but one transaction. The jury found against the truth of the special plea. *Held*, that the finding of the jury was supported by the proof, and was correct.

3. SAME—PRACTICE—JURY LAW.—The statutes of this State provide that the trial jury shall communicate with the court through the foreman. In this case the written inquiry to the court was signed by a member of the jury other than the foreman, to which neither the judge nor the foreman of the jury objected. *Held*, that such proceeding was merely irregular, and in the absence of apparent injury to the accused was wholly immaterial.

4. SAME—SPECIAL PLEA—BURDEN OF PROOF—CHARGE OF THE COURT.— In response to an inquiry by the jury the trial judge instructed them that the burden of proving their special plea of former conviction rested upon the defendants. *Held*, correct.

5. SAME—RECENT POSSESSION OF STOLEN PROPERTY—EVIDENCE.—The inculpatory fact relied upon in this case was the recent possession of the alleged stolen property by the defendant. The question raised by the proof was whether or not the facts establised a case of recent possession. In failing to give in charge to the jury proper instructions as to the law applicable to such possession, the trial court erred.

6. SAME.—The defendant Willis requested the court to specially charge the jury as follows: "Should you believe from the evidence that defendant W. E. Willis simply stayed, or went home, if Boyd's house was his home, and was requested to assist in branding said cattle, without a previous agreement or participation in the offense charged, you will acquit him." *Held*, that, in view of the evidence tending to support this defense, the refusal of this special instruction was error.

APPEAL from the District Court of Jones. Tried below before the Hon. J. V. Cockrell.

This is a companion case to the preceding cases of Boyd v. The State and Willis v. The State, the prosecution in this case being for the theft of a cow, the property of one D. E. Coffman. The proof showed that the Coffman cow was one of the animals found in the possession of the defendants at the same time that they were found in possession of Wright's cow, involved in the cases above referred to. Otherwise the evidence in this case was substantially the same as that developed on the previous separate trials of the defendants for the theft of Wright's cow,

which will be found fully set out in the report of Boyd's case, ante page 570.

*Jones & Cunningham, F. G. Thurmond* and *C. I. Evans,* for the appellants.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This is a companion case to the cases of Boyd v. The State and Willis v. The State, decided on a former day of the term, the two convictions in those cases in the court below being for the theft of a cow, the property of W. T. Wright. This case presents a joint prosecution and joint conviction for the theft of one head of neat cattle, the property of one D. E. Coffman. There is but little if any difference in the facts proven in this and the two other cases. It will be remembered that the Wright cow ranged one and a half miles west of Abilene in Taylor county. Coffman's cow ranged five or six miles southwest of Abilene in Taylor county. Coffman had not seen his cow in her range since the fall of 1886. When she was next seen she was in the pen of appellant Boyd in Jones county, on the tenth of August, 1887, where these appellants and other parties altered the mark and brand upon her. Neither of these appellants nor any one shown to have been acting in concert with them, was ever seen in possession of the animal in Taylor county. When found in possession in Jones county, they made no explanation nor attempted any as to their possession.

On this trial they pleaded specially in bar to the prosecution that they had already been tried and convicted for the theft of the Wright cow, and that the taking, if any, of the two cows was one and the same transaction, and occurred at one and the same time and place, and that the evidence necessary to a conviction in the one was essential to a conviction in the other case. It is a well settled rule that the stealing of different articles of property belonging to different 'persons at the same time and place, so that the transaction is the same, is but one offense, and the accused can not be convicted on separate indictments charging different parts of one transaction as in each a distinct offense. A conviction on one of the indictments bars a prosecution on the others. (Wilson v. The State, 45 Texas, 76; Wright v. The State, 17 Texas Ct. App., 551; Shubert v. The State, 21 Texas Ct. App., 551.)

This plea was submitted to the finding of the jury under appropriate instructions by the court, and in their verdict in response to this issue they found the special plea to be untrue. Upon the facts before them we are of opinion the jury were warranted in this finding, because, in addition to the fact that the animals belonged to different owners, they did not run in the same range, and it is not probable they were taken at the same time and place.　(Alexander v. The State, 21 Texas Ct. App., 406.)

With regard to this special plea, it appears that the jury, after their retirement to consider of their verdict, wished additional instructions from the court as to the party upon whom the burden of proof rested to establish the issue presented by said plea. A writing propounding this question was sent to the judge through the sheriff, but the same was not signed by the foreman but by one of the other jurors. This, it is insisted, was violative of the statutes which provide that a jury shall communicate with the court through their foreman.　(Code Crim. Proc., arts. 695, 696; Shipp v. The State, 11 Texas Ct. App., 46; Conn v. The State, Id., 390; McDonald v. The State, 15 Texas Ct. App., 493.)　At most the matter complained of was an irregularity, and it is one which does not appear to have been objected to by either the court or the foreman of the jury.　How the defendants have been prejudiced or injured by the fact that the request was signed by one of the jurors, and not by the foreman, is not manifest.　In response to the request the court instructed the jury that the burden of proof to establish the special plea by a preponderance of evidence was upon the defendants.　This instruction was correct. Upon a special plea of this character the defendant asserts the affirmative of the issue, and the obligation rests upon him to prove it.　(Hozier v. The State, 6 Texas Ct. App., 501; Jones v. The State, 13 Texas Ct. App., 1.)

As before stated, appellants nor either of them were ever seen in possession of the animal in Taylor county, and it had not been seen by the owner on the range in that county for several months prior to the time it was found in Boyd's pen in the possession of appellants.　It was a question as to whether the facts established a case of recent possession or not, and this question of recent possession should have been submitted to the jury under proper instructions as to the law applicable to such possession.　(Lehman v. The State, 18 Texas, Ct. App., 174, and

authorities there cited, and Boyd v. The State, ante, 570. No such instruction was embraced in the charge given.

Again, in so far as the appellant Willis is concerned, we are of opinion the facts connecting him with the animal demanded of the court the giving of his special instruction which was requested in these words, viz.: "Should you believe from the evidence that defendant W. E. Willis simply stayed or went home, if Boyd's house was his home, and was requested to assist in branding said cattle, without a previous agreement or participation in the offense charged, you will acquit him." This instruction was refused and the ruling was erroneous. (Perry v. The State, 41 Texas, 483; Allen v. The State, 42 Texas, 517.) Such other questiens as are not herein noticed will be found discussed in Boyd v. The State, ante.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 1, 1888.