### E. Hart v. The State.

#### No. 7467.    Decided October 31, 1923.

**1.—Manslaughter—Bill of Exceptions—Question and Answer Form.**

Where the bill of exception was in question and answer form, the same will not be considered on appeal. Following Rylee v. State, 90 Texas Crim. Rep., 482.

**2.—Same—Communication Between Court and Jury—Absence of Defendant.**

Where, upon trial of murder and conviction of manslaughter, the trial court, in the absence of the defendant, permitted the jury to communicate with the court in writing as to whether they could not be excused from further sitting in the case, etc., the same is reversible error, under Article 756, C. C. P. Following Cowart v. State, 65 Texas Crim. Rep., 482, and other cases.

Appeal from the District Court of Eastland. Tried below before the Honorable George L. Davenport.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Chastain, Judgkins & Chastain* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was given two years for manslaughter in the district court of Eastland County, from which judgment he appeals.

There are but two bills of exception in the record. Our Assistant Attorney General objects to the consideration of bill of exceptions No. 1 because in question and answer form. The objection is well taken and the bill will not be considered. Rylee v. State, 90 Texas Crim. Rep., 482, 236 S. W. Rep., 744.

From his bill of exceptions No. 2 as qualified by the learned trial court, we learn that in the absence of the appellant the jury communicated in writing with the court, stating that they could not agree and asking to be excused. The court wrote on the back of said written request, which was returned to the jury, the following: "This court will be in session until August 5th, 1922," which communication was signed by the district judge. The date of this communication appears to have been July 6, 1922. Article 756 of our Code of Criminal Procedure, referring to the three preceding articles under the general head of communications between the court and the jury, says in plain language "In every case of felony the defendant shall be present in court when any such proceedings is had, as mentioned in the three next preceding articles. His counsel shall also be called. In cases of misdemeanor, the defendant need not be personally present." This appellant was on trial for a felony. In Cowart v. State, 65 Texas Crim. Rep., 482, the court made a written communication to the jury in the absence of the defendant and his counsel. The following expression occurs in the opinion of this court:

"Our statutes provide in article 753 of the Code of Criminal Procedure, that the jury may communicate with the court in regard to any matter; in article 754, that they may ask for additional instructions, and in article 755, they have the right to have a witness re-examined on any matter involved in the trial, but in article 756, it is provided: 'In every case of felony the defendant shall be present in the court when any such proceeding is had as mentioned in the three preceding articles. His counsel shall also be called.' This question has been before this court frequently, and a list of the authorities will be found collated in sections 874, 875, 876, 877, 878 and 879 of White's Ann. Code of Crim. Procedure."

In Booth v. State, 65 Texas Crim. Rep., 660, it appears that while the jury were deliberating upon their verdict they sent to the trial court a note in writing in substance as follows: ''The jury can not agree upon a verdict and there is no hope of reaching a verdict, the jury wants to be discharged.'' This message was delivered to the court and the following reply sent orally to the jury: ''Tell the jury as long as there is life there is hope, and this court lasts four weeks longer.'' This message was delivered to the jury. The proceeding was all had in the absence of the accused and his counsel and as soon as they learned of same they took an exception and brought the question before this court for review. The court, speaking through Judge Davidson, used the following language:

· ''This court has held in all the decisions construing these articles, that when the trial is for a felony, the presence of the defendant is necessary whenever any proceeding mentioned in any of the preceding articles is had in the case. For collation of authorities, see White's Ann. Code Crim. Procedure, secs. 874, 875, 876, 877, 878 and 879. The decisions have been harmonious and unbroken to the effect that violations of these articles constitute reversible error. In fact, it is a plain provision of the statute enacted by the Legislature. In the very recent case of Cowart v. State, decided during the present month, the judgment was reversed for a violation of one of these statutes in an opinion by Judge Harper.''

As far as this court is aware its decisions have uniformly upheld the principle announced.

Because of the error of said communication, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*