## J. C. PREATHER v. THE STATE.

No. 12626.   Delivered June 12, 1929.

The opinion states the case.

*Myres & Pressly* of Ft. Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, five years in the penitentiary.

Appellant was charged with rape upon his young daughter about ten years old. He testified denying his guilt and asserting that because of his strictness with this girl and her sisters, the case was fabricated against him. Defense witnesses gave testimony in sup-

port of the proposition that the daughters of appellant were guilty of conduct indicating their intimacy with boys and young men, and that they rebelled against appellant's strictness with them.

While appellant was on the witness stand testifying in his own behalf, it was developed that he was under indictment in two other cases for rape. The State's attorney was permitted, over objection, to elicit from appellant the fact that the parties upon whom he was charged in said two other indictments with rape, were his two other minor daughters. We are of opinion that in permitting the State to prove the names and relationships of the parties involved in the other two indictments, there was error committed which was capable of much harm to the cause of the accused. Thompson v. State, 67 Texas Crim. Rep. 660, 150 S. W. Rep. 181. In one sense a similar proposition is discussed in Higgins v. State, 222 S. W. Rep. 241. The general rule in such matters is that while it may be proved against the accused, as affecting his credibility as a witness, that he is then or has been under indictment charged with a felony or an offense involving moral turpitude,—the details of the transactions involved cannot be proved by the State against him. Admitting that testimony of the fact that appellant was indicted for a felony was competent for the purpose of affecting his credibility when he became a witness in the case, it seems to us beyond question that to go further than that and prove that he was under indictment for raping his own daughters would be injecting into the case details and facts which could but be very harmful to the accused, and would go far beyond merely affecting his credibility as a witness, and would seem likely to be used by the jury to the great hurt of appellant in determining the issue of whether he was guilty of raping the particular daughter charged in the instant case.

There is a bill of exceptions complaining of the fact that while a witness appellant was compelled to answer that he had been convicted in Hunt county of some misdemeanor which did not involve moral turpitude, but the exact nature of which he did not remember. He testified that he had been found guilty and was sent to the county farm. In the absence of some showing that the offense for which he was convicted was a misdemeanor involving moral turpitude, we think the evidence should not have been admitted.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*