## ORAN HEALD v. THE STATE.

No. 17943.  Delivered February 19, 1936.
Rehearing Denied April 8, 1936.

The opinion states the case.

*Fred A. Hartley* and *Orville M. Jobe,* both of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

The record shows that on the 17th day of April, 1934, and for some time prior thereto Frank Farek owned and operated a restaurant and filling station at a point where the highway leading from Corsicana to Waco and the one leading from Mexia to Waco intersect; that on the night of said day of April, the appellant and Hubert Hulen robbed the said Frank Farek of fifteen ($15.00) dollars in money, a pistol, cigarettes, a slot machine, and pies.  At the trial appellant was positively identified by Farek and two of his employees as the person

who held a pistol on them, commanded them to lie on the floor, and then ordered Kabitza, one of the employees, to open the door to the safe in said place of business. Kabitza obeyed the order and Hulen, appellant's companion in crime, took from the safe fifteen ($15.00) dollars. After taking such property as they desired, they entered an automobile belonging to Kabitza and drove away, but abandoned the car some four miles from the place where the robbery occurred. The testimony adduced by the State further shows that appellant and Hulen were at the home of Tom Tyler, an uncle of appellant, during the day preceding the robbery on said night; that they left Tyler's home a short time before sundown stating that they were going to Mexia, which was in the direction of Frank Farek's place of business. Appellant's plea was that of an alibi which he supported by the testimony of a number of witnesses. The issue thus raised was submitted to the jury under an appropriate instruction from the court and they decided it adversely to appellant.

By bills of exception from one to eight, both inclusive, appellant complains of the arguments made by the district attorney and his assistant. Some of the bills are qualified by the trial court and as thus qualified fail to show error, while the others, which are not qualified, when considered in the light of the entire record also fail to show reversible error.

Bill of exception number nine reflects the following occurrence. While the jury was deliberating on their verdict the question arose as to whether or not the suspended sentence law applied to a case of the nature under consideration. No one seemed to know. It was finally agreed that the following written interrogatory be propounded to the court: "Can this case carry a suspended sentence? S. P. Marley, Foreman," which was handed to the sheriff with the request that he deliver it to the court, which he did. The court made the following reply: "Gentlemen of the jury: In answer to your question, which is as follows, 'Can this case carry a suspended sentence?' My answer is 'No'. D. W. Bartlett, Judge." Appellant and his attorney who were present in the court room at the time objected to the court's reply being delivered to the jury, and contends that the trial court's action constitutes reversible error, and in support of his contention cites us to the case of Vaughn v. State, 277 S. W., 646. It is apparent from the record that the entire communication between the jury and court related to the suspended sentence law which was foreign to any issue in the case. The court's reply was not an instruction to the

jury on the law of the case or any phase thereof, had no rela-tion thereto, and could not have injuriously affected the appellant's rights any more than if they had asked the court whether they might, during the time that they were considering the case, engage in a game of chess, checkers, or dominoes. We are not unmindful of Articles 677 and 679, C. C. P., which relate to procedure when additional instructions are requested by the jury, or when they request the reproduction of certain testimony; and in such instances said articles should be observed. The fact that the court did not have the jury brought into open court and in the presence of appellant propound their question and then make his reply, could not have injured appellant unless the court gave additional instructions with reference to a matter that had been submitted to them or should have been submitted to them as a part of the law of the case, or either denied or prevented appellant from making his written objections thereto as prescribed by law.

We think this case is distinguishable from the case of Vaughn v. State, supra, in this: that in said case the accused was charged with forgery. At his trial, he filed a plea for a suspension of sentence, which was submitted to the jury for their determination, and which the jury had a right to recommend in case they concluded that the facts and circumstances in evidence justified such action on their part. During a discussion of this issue, the question arose as to what was meant by the term "good behavior" as contained in the court's charge. Some of the jurors contended that if appellant's sentence was suspended he could not be rearrested upon the present charge unless he subsequently committed a felony, while others contended that the commission of a misdemeanor would authorize the cancellation of the suspension of sentence. They finally decided to submit the question to the court which they did by propounding the following written interrogatory to him: "Does it take a felony in order to be taken up under suspended sentence?" This was handed to the sheriff with the request that he deliver it to the presiding judge who, without calling the jury into open court in the presence of the appellant, made the following written reply which he handed to the sheriff with the request that he deliver the same to the jury, to-wit: "Yes, and convicted before taken up." It is obvious that in said case the inquiry as well as the reply of the court thereto related directly to the law bearing upon an issue submitted to them for their decision. To what extent it may have influenced the jury in declining to recommend a suspension of sentence is not

disclosed by the record, but under such circumstances injury will be presumed. In the instant case the inquiry or the reply thereto did not have any bearing upon any issue in the case and the appellant has not directed our attention as to how or in what respect the act complained of injuriously affected his legal rights as would require a reversal of this case. However, we believe the better practice is to follow the procedure prescribed by law because to do otherwise might lead to an infringement on the accused's legal rights and require a reversal.

In his motion for a new trial appellant asserted that the jury was guilty of misconduct in that they discussed the appellant's failure to testify, and that two or three of the jurors had heard discussion of some of the facts in the case prior to being selected as jurors which they did not disclose on their voir dire examination. The testimony offered to sustain said allegations is as follows: The juror Baker testified, "I don't remember any of the jurors saying in the jury room that the defendant was guilty because he did not testify. I don't remember saying that myself. I didn't hear any of the members of the jury from Mart discuss their personal knowledge of this case, outside information." Mr. Pete Marley, the foreman of the jury, testified that the juror Baker said, "Why was it he didn't take the stand?" "I said well, he didn't have to and you could not hold it against him either way. That was all that was ever said. After I was selected as a juror and after Mrs. Upton testified, I then remembered that I had heard that Mr. Tyler had asked Mr. and Mrs. Upton not to recognize this boy as being the boy who came with them from Waco. I did not consider that in arriving at a verdict in this case. * * * I took the evidence from the stand and didn't have anything back in my mind." Mr. Williams testified, "I didn't hear any one say anything about defendant's failure to testify." Mr. Sorensen, one of the jurors, testified, "I don't remember the defendant's failure to take the stand being talked about." The testimony of the other jurors is about to the same effect. When testimony, offered in support of a motion for a new trial charging misuse by the jury of the defendant's failure to testify, is conflicting, the decision by the trial judge, will prevail upon appeal unless the record clearly shows an abuse by the trial court of his discretion. See Wilson v. State, 86 S. W. (2d) 220, and cases there cited.

Appellant in his brief contends that the indictment, after being returned by the grand jury, was amended in a material part. The record fails to support this contention.

Finding no error in the record requiring a reversal of this case, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing. We have again examined the record. The weight of the testimony of the jurors brought before the court upon hearing of the motion for new trial, wherein the question of misconduct of the jury was set up,—is against appellant's contention, and certainly there was no abuse of the discretion of the trial court in holding against appellant on his claim of misconduct of the jury in that they referred to the appellant's failure to testify.

Also in his motion appellant urges that we were wrong in holding the action of the court below in advising the jury that the question of suspended sentence was not in this case,—as is set forth in our original opinion,—was not erroneous. Appellant cites us to the case of Everett v. State, 84 S. W. ___. We do not find the case of Everett v. State either in the 84 S. W. or in 84 S. W. (2d). If appellant has reference to the case of Avirett v. State, 84 S. W. (2d) 482, we find nothing in that case bearing out appellant's statements in his motion. Nor do we think upon more mature consideration that we were wrong in holding the action of the trial court in writing a note to the jury,—also set out in our former opinion,—in violation of any statute, or hurtful to the accused.

The motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.