## WALTER PRATER V. THE STATE.

No. 18553.   Delivered June 24, 1936.

The opinion states the case.

*David M. Weinstein* and *Frank D. Ivey*, both of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for 99 years.

The record is before us without a statement of facts.

It is shown in bill of exception No. 1 that after the jury had retired to deliberate they sent a note to the judge in which they made the following request: "If a man were given ninety-nine years sentence or a life sentence in the penitentiary, how would his status be affected by a pardon granted by the Pardon Board or State Governor? Also, would good behavior affect the time of either of those sentences?" The note was received by the trial judge in chambers in the presence of counsel for appellant. Appellant was in jail at the time and was not brought to the courtroom. However, appellant's counsel agreed that the trial judge might reply to the request as follows: "In answer to the above question the court can not answer this question." The holding in Heald v. State, 92 S. W. (2d) 1042, militates against the conclusion that reversible error is reflected. The court undertook to give no additional instructions, but merely replied that he could not answer the question. However, the procedure provided by the statute should have been followed.

As qualified, bill of exception No. 2 fails to reflect error. We quote the qualification, as follows:

"The court does not certify the facts as stated are true. The affidavit of insanity was filed on November 13th, 1935, by the Hon. John White, one of the attorneys of the defendant. The Hon. David Weinstein having theretofore been representing the defendant by appointment of the court. On the same day the affidavit was filed, the defendant's attorneys in open court in the presence of the defendant and defendant's father, asked the court to allow them to withdraw the affidavit of insanity and to pass the case for trial on its merits and the attorneys stated that they had decided that they wanted to try all issues of insanity and fact at one trial, which motion was by the court granted and the cause was passed to November 25th, 1935, to give the defendant and his attorneys more time in which to prepare their defense and also to prepare to present the issue of insanity at the same time, and later a motion was filed requesting the same action on the court's part but it had already been granted."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.