# WILSON MOORE V. STATE.

No. 23893. March 17, 1948.
Motion for Rehearing Denied October 13, 1948.

Hon. Langston G. King, Judge Presiding.

*W. M. Latham* and *C. F. Tucker*, both of Houston, for appellant.

*A. C. Winborn*, Criminal District Attorney, *E. B. Duggan* and *E. T. Branch*, Assistants Criminal District Attorney, all of Houston, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is death.

The record reflects that on the night of February 22nd, 1947, Betty Louise Glover and Tracy Rader had borrowed his mother's car to go and purchase some cigarettes. When they were in the act of turning off Jensen Drive into La Badie Street, a negro jumped on the running board of their car, pointed a nickle-plated pistol at them and commanded Rader to drive down a dirt road about a half-block away and stop. Rader complied and the negro then told them to get out of the car and walk over to some bushes all of the time keeping the pistol pointed at them. When they arrived at the designated spot, he told them to sit down and hold their hands behind them which they did. He then tied Rader's hands with baling wire, his feet with a belt, and then tied him hog-fashion with a rope, and wrapped a rag over his face. He then ravished the young lady. After he had accomplished his purpose, he drove away in their car. An hour or two later while appellant was driving along West Dallas Street he noticed Aaron Jones and Leroy Allen standing on the sidewalk engaged in a conversation. Appellant called Aaron Jones off and had a conversation with him, then Aaron Jones called to Leroy Allen and said we are going to have a little fun. The three entered the car, Jones got under the wheel, at which time Aaron handed Leroy a .25 automatic pistol and asked him to put it up for him. When they were driving along appellant told them that he had taken the car from a man and had tied the man up and instructed him not to report the matter until the next day. He then suggested that they go and make some money at the same time exhibiting a large nickle-plated pistol.

He drew the pistol out of a brown jacket. Leroy Allen became frightened and devised a scheme to get away from them. He asked them to drive by his house in order that he may change clothes which they did. Leroy then went to the back of his home and across the street to his brother's home where he spent the night. After waiting for Leroy for quite a while, they, appellant and Jones, drove up the street to a Jap cafe, drank some coffee, and then drove to Tom Anderson's place where they spent about one hour, parked the car on Saulnier Street and left it there until Monday evening when Jones went there, got into the car, and drove it on the streets of the city when he was arrested. At the time Jones was arrested, he made a statement to the officers which led to the arrest of Leroy Allen and later to the arrest of appellant. Leroy Allen also made a statement to the officers which coincided with that of Jones. Appellant was arrested on Tuesday morning following the Saturday night of the assault at which time a pistol of the same kind and character as that with which the young couple had been terrorized was found in his possession. This pistol, according to the testimony of Johnny Daughtry, was stolen from his place of business in Richmond, Texas, about a week or ten days prior to the arrest of appellant. Booker T. McKinney testified that he burglarized a cafe of Mr. Daughtry, stole the pistol in question, and sold it to appellant on the 20th day of February. After appellant's arrest, he made a voluntary confession which was introduced in evidence. The young couple positively identified him as the party who committed the offense. On his trial he repudiated the confession, denied that it was voluntary, and asserted that he was beaten and mistreated until he made it in order to avoid being further punished. His defense was an alibi.

There were no objections urged to the court's charge. Appellant brings forward five bills of exception relating to the court's action in admitting, over appellant's timely objection, certain evidence which will hereinafter be discussed.

Bill of Exception No. 1 shows that appellant took the witness stand and testified in his own behalf. He repudiated his confession. He claimed the confession was obtained from him by the officers who punished and mistreated him until he was willing to make any confession they desired. He also denied that he told Aaron Jones and Leroy Allen that he had tied a man and took his car. On cross examination he was asked by the district attorney if he was not then charged by complaint in the Justice Court in Austin County, Texas, with rape and with robbery. He objected to the question and the same being

overruled, he answered that he did not know; that it was the first time he had heard of it. He was then asked if the woman didn't identify him as her assailant. He then requested the court to strike out the questions and answers and withdraw the same from the jury. This the court declined to do and he excepted. He contends that the offenses with which he was charged in Austin County were extraneous offenses and not in any way related to or connected with the offense for which he was on trial, etc.

This evidence was admissible as affecting his credibility as a witness. It is a well established rule in this state that a defendant or any other witness may be impeached by the adverse party by proving by the witness on cross examination that he had been indicted or convicted or that he was then under indictment for a felony or for a misdemeanor imputing moral turpitude. See Branch's Ann. P. C., page 101, Sec. 167, where many authorities are cited sustaining the rule. See also Tex. Jur., Vol. 45, Sec. 240.

Bill of Exception No. 2 discloses the fact that the state proved by Tracy Rader, the companion of the young lady on the night when she was ravished, "that he knew a young girl by the name of Betty Louise Glover; that he had been keeping company with her." The state also proved by Betty Louise Glover "that her name was Betty Louise Glover; that she knew Tracy Rader; that she had been keeping company with him," when in truth and in fact, the witnesses Tracy Rader and Betty Louise Glover were married on the 4th day of April, 1947, some time after the indictment was returned but before the trial began. Appellant's contention seems to be that by reason of her marriage, her name at the time of trial was Mrs. Betty Louise Rader which constituted a variance. We do not so regard it. It was definitely shown that she was the same party. See Rutherford v. State, 13 Tex. App. 92; and Cain v. State, 153 S. W. 147; where the subject is fully discussed.

It is shown by Bill of Exception No. 3 that after the jury had retired to deliberate they sent the following written question to the judge: "If the defendant is found guilty of rape as charged and is sentenced to a life term in prison, can the defendant ever be released from prison under any circumstance?" To which the court replied: "You are instructed that the main charge of the court as given you herein is your guide in passing upon the case, and the court is not allowed by law to answer you in any other way." The court's reply was not any additional

instruction. He merely referred them to his charge. Why the jurors asked the question or what they had in mind is not disclosed by the record. They had a right to discuss the evidence, and to determine his guilt and the punishment to be assessed without any comment from any other source and this, so far as the record shows, they did. We see no error reflected by the bill. See Prather v. State, 131 Tex. Cr. R. 35; and Heald v. State, 92 S. W. (2d) 1042.

The matters complained of in Bills of Exception Nos. 4 and 5 relate to the introduction in evidence of the complaint pending in the Justice Court of Austin County, Texas, wherein he was charged with rape and also with robbery, but the Grand Jury of Austin County had not, at the time of this trial, been empaneled and had not had an opportunity to either return bills of indictment or no bill him. We have, in a way, discussed the subject of this complaint in our discussion of Bill of Exception No. 1 and we see no need to again enter upon a discussion thereof. A mere reference to the authorities cited is deemed sufficient. We overrule these bills.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

This record affirmatively reflects that by cross-examination of the appellant, supplemented by the testimony of other witnesses, the State proved that at the time of the trial appellant stood charged by complaint before a magistrate of Austin County with the offense of rape upon a named white woman.

This testimony was introduced by the State as tending to impeach the credibility of the appellant as a witness in his own behalf. The trial court so recognized and instructed the jury that the testimony could be considered only for that purpose if they considered it for any purpose.

It is insisted by appellant that the testimony went further than mere impeaching and included the details of the transaction by showing the accusation of rape was upon a white woman,

which was the same character of offense as that for which appellant was then upon trial.

Under the authority of Preather v. State, 113 Tex. Cr. R. 167, 18 S. W. (2d) 649, the admissibility of this testimony is indeed doubtful, because it tends to show the details of the offense charged—that is, rape of a named white woman—but we are authorized to determine the admissibility thereof only when that question is presented by a proper bill of exception.

The question before us, then, is whether the bill of exception is sufficient to present for our determination the admissibility of the testimony.

When this bill of exception (No. 1) is examined, we find that the trial court qualified the bill by refusing to approve, as set out, the statement of the grounds of objection to the admission of the testimony by saying that no such objections were made at the time the testimony was offered and that the only objections made were those as shown in the question-and-answer record set out in the bill. Appellant accepted the bill as thus qualified, and is bound thereby.

This question-and-answer record shows only that appellant registered his objection to the whole of the testimony without stating any grounds or reasons for his objections. At no time do we find that appellant objected to that part of the testimony showing that the accusation of rape pending against him was upon a certain named white woman.

It must be remembered that the State was authorized to show for impeaching purposes that a complaint charging rape was pending against appellant. Thus a portion of the testimony complained of was admissible.

In Cadle v. State, 122 Tex. Cr. R. 595, 57 S. W. (2d) 147, we said:

"There is no rule better known or which this court is oftener called upon to apply than that a bill of exception is too general to be considered if it includes objections to a number of statements or things set out in the bill, some of which are admissible, and there is nothing in the objection urged to directly challenge or single out the objectionable evidence."

See, also, Branch's P. C., Sec. 211; Dixon v. State, 91 Tex.

Cr. R. 217, 238 S. W. 227; and Tracy v. State, 111 Tex. Cr. R. 160, 12 S. W. (2d) 205.

Under the circumstances here presented, appellant was under the burden of leveling a specific objection to that portion of the testimony tending to show the details of the accusation of rape pending against him. This he did not do, consequently the admissibility of the testimony in the particular insisted upon is not before us for consideration.

The witness Tracy Rader, the companion of the prosecutrix on the night of the alleged rape, said while testifying in behalf of the State, that he knew the prosecutrix and "I go with her." He also referred to her as his fiancee.

The prosecutrix, in her testimony, said, "I know a young man by the name of Tracy. Rader."

Upon motion for new trial and as newly discovered testimony, the appellant showed that after the alleged crime and about a month prior to the time of trial, Rader and the prosecutrix had married and at the time they were testifying as witnesses in the case they were husband and wife. Appellant contends that this concealment of their marriage constituted such deceit and fraud against him as to require a new trial, in that the jury had no evidence before it other than that prosecutrix was an unmarried female, which fact was calculated to cause the jury to render the severe penalty it did.

Just why these young people concealed from the jury the fact of their marriage we do not know. Of course it would have been not only fairer but better to have done so.

The trial judge, in exercising his discretion, in this matter in overruling the motion for new trial, found that a different result would probably not have resulted had this fact of marriage been made known to the jury. We cannot say that the trial judge abused his discretion in so finding.

The motion for rehearing is overruled.

Opinion approved by the Court.