ALBERT DAVIS, JR. V. STATE.

No. 30,202. January 7, 1959.
Motion for Rehearing Overruled April 1, 1959.
Second Motion for Rehearing Overruled May 6, 1959.

*Henry E. Doyle,* Houston, for appellant.

*Sam Lee,* Criminal District Attorney, Angleton, *Dan Walton,* District Attorney, *Benjamin Woodall* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is rape; the punishment, death.

No contention is advanced that the facts do not support the conviction or that the court erred in the admission or rejection of evidence, and for this reason the facts will be summarized.

Prosecutrix, a 17-year old Houston working girl, while on her way home at night, was abducted by the appellant and his companion, carried against her will over into a rural section of Brazoria County, where she was disrobed and ravished by each man in turn in the back of the pickup truck in which they were traveling. After the attack she was carried back to Houston and released near her home. The appellant and his co-indictee were apprehended and identified the same night.

The appellant did not testify or offer any evidence in his own behalf.

We find the evidence sufficient to support the conviction and shall discuss the question brought forward by studious counsel in brief and oral argument.

It arises out of a note which was sent to the court by the foreman of the jury and by the court answered in the absence of the appellant or his attorneys. The note read: "If the defendant is given 99 years sentence can he ever receive a parole?" The answer read: "I am not permitted to answer your question."

The answer to the question raised by appellant is found in Articles 676-7-8 and 9, V.A.C.C.P., and the cases which have

been decided under said articles, and does not, as we view it, present a constitutional question. This is so because the court refused to answer the inquiry, did so in as few words as he could, and therefore it could not be said, with logic, that the exchange constituted a phase of the trial at which appellant was entitled to be present. As has often been said, we are not unmindful of the provisions of the above articles nor are we unaware that this court has on occasion said that they are mandatory under the facts then before the court in such cases.

We are equally aware of the holdings to the effect that where the judge refuses to answer the question, and says no more, reversible error is not reflected. See Note 41 A.L.R. 2d 227, 272.

The state relies principally upon Lamkin v. State, 165 Texas Cr. Rep. 11, 301 S.W. 2d 922; Barber v. State, 158 Texas Crim. Rep., 561, 285 S.W. 2d 87; Moore v. State, 152 Texas Crim. Rep. 312, 213 S.W. 2d 844; Choiniere v. State, 150 Texas Crim. Rep. 582, 204 S.W. 2d 840; Guajardo v. State, 139 Texas Crim Rep. 201, 139 S.W. 2d 85; Prater v. State, 131 Texas Crim. Rep. 35, 95 S.W. 2d 971; Heald v. State, 130 Texas Crim. Rep. 178, 92 S.W. 2d 1042; and Willis v. State, 24 Texas App. 586, 6 S.W. 857.

The appellant, on the other hand, relies upon White v. State, 149 Texas Crim. Rep., 419, 195 S.W. 2d 141; Reid v. State, 138 Texas Crim. Rep., 34; Schafer v. State, 118 Texas Crim. Rep., 500, 40 S.W. 2d 147; Hart v. State, 95 Texas Crim. Rep., 566, 255 S.W. 414; Crow v. State, 89 Texas Crim. Rep., 149, 230 S.W. 148; Fina v. U.S., 46 R. 2d 643; Lewis v. U.S., 13 S. Ct. 136; State v. Cotter, 54 N.W. 2d 43; and Wiedenhaupt v. Hoelzel, 35 N.W. 2d 207.

At the outset, we observe that it is not the sending of the note but the court's *answer* which is potentially dangerous.

In White, which is more difficult to distinguish from any of the other cases relied upon by the appellant, we did have an instruction on the law, even though it is an innocuous one, because there the court's answer informed the jury that its inquiry concerned "a matter over which neither this Court nor the jury has jurisdiction." In other words, we did not in White have a simple refusal to answer the question, as in the case at bar, but had the further element that the court in his answer to its note told the jury that its question related to a matter over which it had no jurisdiction.

Schafer is easily distinguished from the case at bar because there the court in his answer instructed the jury as to the law on matters not covered by his original written charge.

Hart presented a situation where the court by his answer was endeavoring to coerce the jury into reaching a decision, and can have no application to the case at bar.

Reid does not control the case at bar. because in that case the court proceeded with the trial after the accused had suffered an epileptic stroke and was unaware of what was taking place in the courtroom.

In Crow, a juror who had been accepted in the case was excused in the absence and without the knowledge of the accused.

In Fina, the court gave a supplemental charge to the jury in the absence of the accused, and, since the nature of the charge did not appear in the record, the appellate court presumed injury. In the case at bar, no charge was given, and the exact phraseology of the court's answer to the jury's inquiry appears in this record. .

In Lewis, the accused was not shown to have been present at the time the jury panel was challenged, which the Supreme Court of the United States held to be an essential part of the trial.

In Cotter, the sheriff, who was a state witness, went into the jury quarters where they were deliberating and told them that it "would not hurt his feelings if they hurried." The court held that this constituted an unauthorized communication with the jury in the absence of the accused.

In Wiedenhaupt, the court reporter went into the jury room, took down certain questions which the jury wanted to ask the judge, communicated with the judge by telephone, and then returned to the jury room where he read the judge's answer. While it is true that the court there said in a civil case that a defeated party should not be required to show injury, we have concluded that the record in the case at bar affirmatively reflects the absence of injury.

We hold that in cases such as the one at bar, where the judge refuses to answer the question and says no more, reversible error is not reflected by his failure to bring the jury into

the courtroom in the presence of the accused and his counsel in order to deliver his note of refusal to them.

Having so decided, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

We have again reviewed this case in the light of appellant's contention, and remain convinced that reversible error is not reflected.

We did not intend that our original holding should be construed as a finding that a constitutional question was not involved in this contention of appellant—that is, that he was denied the right to be present at all times during the trial of his case.

What we held is that the facts did not show the violation of that or any other constitutional guarantee.

Appellant's motion for rehearing is overruled.