NANNIE MAUDE MYLES v. STATE

No. 32,366. December 7, 1960

State's Motion for Rehearing Overruled January 25, 1961

480

*Coleman and Whitten,* by *Earl R. Coleman,* Denton, for appellant.

*Robert H. Caldwell, Jr,* County Attorney, by *John Lawhon,* Assistant County Attorney, Denton, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge

The offense is murder, with punishment assessed at eighteen years in the penitentiary.

In view of the disposition of the case, a statement of the facts is not deemed called for further than to say that the state's testimony showed an unprovoked killing.

It is shown by formal bill of exception No. 2 that while deliberating upon their verdict the jury sent a note to the court by the bailiff which read:

" 'In the event the defendant is found guilty do we the Jury assess the punishment? If so, is our decision final—except for appeal to a higher court?

(Signed) T. W. King, Jr.' "

While a discussion between the court and appellant's counsel regarding such a note was being had in chambers, outside the presence and hearing of the appellant, the jury sent by the bailiff another note to the court which read:

" 'If we find the defendant guilty with malice and assess punishment at five years or less, can we suspend sentence.

(Signed) T. W. King. Jr.' "

Thereupon, over objection by appellant's counsel and in the absence of appellant, the court sent the following note to the jury:

" 'The answer to your questions are to be determined by the jury.' "

Obviously, the learned trial court, in his action, did not comply with the provisions of Arts. 676, 677, and 679, C.C.P., which require that any communication between the court and the jury must be in open court in the presence of the defendant.

The state recognizes such fact but seeks to avoid reversible error in the matter by urging that the trial court's instruction, or answer, was nothing more or less than a refusal to answer.

To this contention we can not agree. The instruction or answer was obviously one upon a question of law—which was that it was within the province of the jury to determine, as a matter of law, whether a suspended sentence could be awarded in a murder case involving malice aforethought and carrying a penalty of five years in the penitentiary. It was more than a mere refusal to answer.

The trial court had correctly applied the law of suspended sentence in his charge, but this additional instruction tended to nullify that charge and leave to the jury the determination of whether the law authorized a suspended sentence in the malice-aforethought cases carrying a punishment not exceeding five years in the penitentiary.

The jury is never the judge of the law in a felony case.

Under such circumstances, the trial court's action constitutes reversible error. White v. State, 149 Tex. Cr. R. 419, 195 S.W. 2d 141.

From what has been said, it is apparent that the judgment should be reversed and the cause remanded.

It is so ordered.