Mae Frances **FRANKLIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 35064.

Court of Criminal Appeals of Texas.

Nov. 21, 1962.

Rehearing Denied Jan. 9, 1963.

Theo. R. Kirchheimer, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for unlawfully carrying a pistol; the punishment, confinement in jail for ninety days.

The record is before us without a statement of facts

Appellant's sole contention on appeal, presented by formal bill of exception, is that the trial court committed reversible error in receiving from the jury a question asking for further instructions as to a matter of law and in replying to such request in writing without bringing the jury into the courtroom and making such reply in open court.

The bill ef exception certifies that after the jury had retired to consider their verdict they sent a written interrogatory to the court by the bailiff, in which they asked the following question:

" 'Do we assess the fine or punishment?

Mrs. J. H. Fryman
Foreman' "

The question was delivered to the judge in the courtroom and, after showing it to counsel for the state and the appellant, the judge suggested that it be answered as follows:

" 'Yes, if you have found the defendant guilty beyond a reasonable doubt.

Duncan' "

No objection was made by counsel for the state or the appellant to the suggested answer, and such answer was then written out by the court and delivered by the bailiff to the jury in the jury room, the jury never appearing in open court.

It is further certified in the bill that such proceedings were held within the hearing of appellant, who was seated at the counsel table in the courtroom.

Appellant insists that the court's answer was an additional instruction to the jury and, not having been given in open court and in the presence of appellant, as provided by Articles 676, 677, and 679, of Vernon's Annotated Code of Criminal Procedure, requires a reversal of the conviction.

Art. 676 provides:

"When the jury wish to communicate with the court, they shall so notify the sheriff, who shall inform the court thereof; and they may be brought before the court, and through their foreman shall state to the court verbally or in writing, what they desire to communicate."

Art. 677 reads as follows:

"The jury, after having retired, may ask further instruction of the judge as to any matter of law. For this purpose the jury shall appear before the judge in open court in a body, and through their foreman shall state to the court, verbally or in writing, the particular point of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except upon the particular point on which it is asked."

Art. 679 provides:

"In felony but not in misdemeanor cases, the defendant shall be present in the court when any such proceeding is had as mentioned in the * * * preceding articles, and his counsel shall also be called."

■ It has been the uniform holding of this court that the giving of additional instructions to a jury by the trial court without complying with the provisions of Articles 676, 677, and 679, supra, that such communication be in open court and in the presence of the defendant, constitutes reversible error. Myles v. State, Tex.Cr. App., 341 S.W.2d 913.

■ It has also been the holding of this court that a communication between the court and the jury, although not made in compliance with the provisions of the statutes, which does not amount to an additional instruction by the court upon the law or some phase of the case, does not constitute reversible error. Prater v. State, 131 Tex.Cr.R. 35, 95 S.W.2d 971; Moore v. State, Tex.Cr.App., 213 S.W.2d 844; Guajardo v. State, 139 Tex.Cr.R. 201, 139 S.W. 2d 85; Heald v. State, 130 Tex.Cr.R. 178, 92 S.W.2d 1042; Lamkin v. State, 165 Tex. Cr.R. 11, 301 S.W.2d 922; and Davis v. State, 168 Tex.Cr.R. 72, 328 S.W.2d 765.

■ The court's answer to the jury's question in the instant case could in no way be construed as an additional instruction to them. In the court's main charge, the jury were instructed to assess the punishment upon their finding appellant guilty beyond a reasonable doubt. The court's answer was nothing more than a re-statement of the instruction which had been theretofore given.

While the communication between the court and the jury was not made in strict compliance with the statutes governing such procedure, the record here presented affirmatively shows that no injury could have resulted to appellant.

The judgment is affirmed.

Opinion approved by the court.