John Edwin ALLABEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 40363.

Court of Criminal Appeals of Texas.

May 24, 1967.

As Amended June 28, 1967.

Rehearing Denied June 28, 1967.

Second Rehearing Denied Oct. 4, 1967.

**518**

Ray Stevens, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Sodomy; the punishment, two (2) years confinement in the Texas Department of Corrections.

Appellant does not challenge the sufficiency of the evidence and a recitation of

the facts is unnecessary for a proper disposition of the case.

In his first ground of error, appellant contends the Court erred in refusing to allow him to testify before the jury at the separate hearing on punishment that he had been receiving psychiatric care and treatment since the occurrence of the offense.

Testifying in his own behalf at the hearing on punishment, the thirty-three year old appellant related that he had graduated in the upper ten per cent of his college class with a degree in science and mathematics, had been in the military service for three years, and had been employed in the field of electronics by General Electric. He further offered proof in support of his application for probation that he had never been convicted of a felony. Upon objection by the State, the Court refused to permit appellant to testify before the jury to the fact that he had been receiving psychiatric care for his sexual problems. The testimony sought to be offered was not for the purpose of raising a defensive issue or to question the appellant's competence to stand trial.

Out of the jury's presence, appellant perfected his bill of exception which showed that twice a week since the offense he had visited a psychiatrist in his home town in connection with his psychological problem, and that he hoped to continue such treatment.

■ Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann.C.C.P. is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible.

■ It appears that the Court should have admitted the testimony excluded, but we cannot conclude, in light of the entire record, that trial court's action constitutes such error as to call for reversal.

Appellant cites no authority to support his contention and we know of none. The first ground of error is overruled.

Following the retirement of the jury to deliberate upon the issue of punishment, the following note was submitted to the Court by the foreman:

"This jury would like a specific explanation of the restraints, contacts and checks which are imposed upon a defendant if he is given probation. What does the defendant have to do and what does the 'Justice Dept.' per se do to insure his good behavior?"

It appears from the record that after submission of the note to appellant's counsel, the trial judge in open court in the presence of appellant and his counsel, with the proceedings being recorded by the court reporter, stated to the jury orally:

"Ladies and Gentlemen, I am sorry that I am unable to answer your question. I will just have to refer you back to the Court's charge. Please retire for further deliberations."

Prior to the above quoted oral answer to the jury's question, the appellant took the following exception:

"I except to the Court's decision in not giving them, the jury, the statutory requirements as to probation."

In his second ground of error, appellant contends the trial court erred in failing to answer the jury's communication in writing.

Article 36.27, V.A.C.C.P., provides as follows:

"When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing,

and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

"All such proceedings in felony cases, shall be a part of the record and recorded by the court reporter."

It is noted that the foregoing is a re-draft of old Articles 676 and 677, C.C.P., 1925. Old Article 676 permitted the jury to communicate with the Court, either verbally or in writing. Old Article 677 required that additional instructions given after the jury's retirement be in writing.

■ It has long been the holding of this Court that the giving of additional instructions to a jury by the trial court without complying with the provisions of these Articles that such communication be in open court and in the presence of the defendant constitutes reversible error. Myles v. State, 170 Tex.Cr.R. 479, 341 S.W.2d 913.

■ It has been held though that a refusal to answer the jury question does not constitute additional instructions. Torres v. State, 169 Tex.Cr.R. 113, 331 S.W.2d 929; Davis v. State, 168 Tex.Cr.R. 399, 328 S.W.2d 765; Gibson v. State, 153 Tex.Cr.R. 582, 223 S.W.2d 625; Prater v. State, 131 Tex.Cr.R. 35, 95 S.W.2d 971; Heald v. State, 130 Tex.Cr.R. 178, 92 S.W.2d 1042, nor is a referral to the original charge considered an additional instruction. Pigg v. State, 162 Tex.Cr.R. 521, 287 S.W.2d 673; Gilderbloom v. State, 160 Tex.Cr.R. 471, 272

S.W.2d 106; Guajardo v. State, 139 Tex. Cr.R. 201, 139 S.W.2d 85.

■ Therefore, it has been the uniform holding of this Court that a communication between the Court and the jury, although not in compliance with the above mentioned statutes which does not amount to additional instructions by the Court, does not constitute reversible error. Franklin v. State, Tex.Cr.App., 363 S.W.2d 137. Attention is called to the fact that most of the cases cited above dealt with situations where the Court's answer to the jury was given in the absence of the defendant and not necessarily as in the case at bar with the failure alone to reduce it to writing.

■ If the jury after retirement request additional instructions upon a question of law and the subject matter of the request is proper there can be no question but what the Court should give such instructions in writing. If the request is improper, the Court should so inform the jury in writing. Conn v. State, 11 Tex.App. 390. See Osborne v. State, 93 Tex.Cr.R. 54, 245 S.W. 928; LaGrone v. State, 84 Tex.Cr.R. 609, 209 S.W. 411. A careful compliance with Article 36.27, supra, would have required the answer in the case at bar to have been in writing. We perceive no error, however, where the Court's oral statement to the jury amounts to a refusal to answer and a referral to the original charge and does not constitute an additional instruction. Lamkin v. State, 165 Tex.Cr.R. 11, 301 S.W.2d 922; Davis v. State, supra. The Court's answer in the case at bar could in no way be construed as an additional instruction. Franklin v. State, supra. We observe further that at no time did appellant object to the failure of the Court to reduce his answer to writing, and no injury or harm to appellant has been shown. Cf. Rules 285 and 286, Texas Rules of Civil Procedure; Travis-Williamson County Water Control and Imp. Dist. No. 1 v. Page, Civ.App., 358 S.W.2d 158 (affirmed in part, reversed in part on other grounds— 367 S.W.2d 307); Consolidated Casualty

Insurance Co. v. Perkins, Civ.App., 269 S.W.2d 683, (reversed on other grounds, 154 Tex. 424, 279 S.W.2d 299); Ross v. Texas Employers' Insurance Association, 153 Tex. 276, 267 S.W.2d 541.

Appellant's second ground of error is overruled.

Appellant urges, in his third ground of error, that the trial court erred in refusing appellant's request to advise the jury as to the statutory conditions of probation as set out in Article 42.12, subd. B, Section 6, V.A. C.C.P., following the receipt of the jury's note.

In his charge to the jury on punishment, the Court, while not listing the possible statutory conditions of probation which may be imposed by the Court if the jury recommends probation, gave a full explanation of the statutory requirements as to such eligibility for probation. The appellant addressed no objection or exception to said charge nor requested any special charges.

At the time of the Court's answer to the jury's question, the appellant excepted as set forth above. The statutory requirements as to eligibility for probation referred to in such exception had previously been set out in the Court's charge. There is a distinction to be made between the statutory requirements of eligibility for probation, and the probationary conditions that may be imposed upon the granting of probation.

■ The record is devoid of any request to the Court, following receipt of the jury's question, to instruct the jury as to the statutory conditions of probation which may be imposed by the Court where the jury recommends probation. Appellant readily concedes that this is true, but claims in his brief that upon receipt of the jury's question, he orally requested an instruction in the terms of Article 42.12, subd. B, Section 6, V.A.C.C.P., which the Court refused. He

contends he was unaware that such request and refusal had not been recorded by the court reporter until the record on appeal was submitted to him for approval. The record does reveal that upon appellant's objection, after submission for approval, the record was amended to include the above quoted answer to the jury's note and the appellant's exception thereto. No effort, however, appears to have been made to bring forward in the record by formal bill of exception or otherwise the claimed request for an instruction concerning probationary conditions. See Article 40.09, Sections 4, 6, 7, and 14, V.A.C.C.P. The same is not before us and cannot be considered. Appellant makes no claim that his above quoted exception sought to encompass his earlier made request for an instruction on probationary conditions. The trial court did not err in failing to heed a request not shown to have been made.

■ The trial judge could have given additional instructions to the jury concerning the statutory conditions of probation if he felt their question called for the same, or if he had deemed it otherwise advisable. If an instruction may properly be given in the original charge, it may be given as an additional instruction. It is obvious from the record that the trial court did not deem it necessary to give an additional instruction. In light of the Court's previous charge, it is difficult to determine exactly what the jury sought by its question. Any attempted answer to what "the 'Justice Dept.' does per se to insure good behavior", would have involved conjecture and speculation, and an answer to such a question is not required to be given. Gibson v. State, 153 Tex.Cr.R. 582, 223 S.W.2d 625. We conclude the Court did not abuse its discretion in refusing to answer the jury and in referring the jury to the Court's charge.

Finding no reversible error, the judgment is affirmed.