MEMORANDUM OPINION



No. 04-03-00548-CR



Jose Jesus GUZMAN,


Appellant



v.



The STATE of Texas,


Appellee



From the 341st Judicial District Court, Webb County, Texas


Trial Court No. 2003-CRM-000042-D3


Honorable Elma T. Salinas Ender, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: September 29, 2004


AFFIRMED

 Jose Jesus Guzman appeals his conviction for attempted murder. The jury found Guzman
guilty and assessed punishment at twenty years imprisonment and a fine of ten thousand dollars. On
appeal, Guzman contends that the trial court erred by failing to instruct the jury on the lesser included
offense of deadly conduct, and in its response to jury questions concerning the fine. Because the
issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's
judgment in this memorandum opinion under Tex. R. App. P. 47.4. for the following reasons:

 1. In his first issue, Guzman complains that the trial court erred by failing to include an
instruction on deadly conduct in the jury charge. The indicted offense was attempted murder. The jury
charge included instructions on attempted murder and the lesser included offense of aggravated
assault. In determining whether Guzman was also entitled to a charge on deadly conduct, we must
conduct a two-part analysis. First, we must determine whether deadly conduct constitutes a lesser
included offense of the charged offense. Second, there must be some evidence in the record that
would permit a jury to rationally find that if the defendant is guilty, he is only guilty of the lesser
offense. See Feldman v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); see also Cardenas v.
State, 115 S.W.3d 54, 63 (Tex. App.-San Antonio 2003, no pet.). As a reviewing court, we must
consider all of the evidence presented at trial in making this determination. Lugo v. State, 667 S.W.2d
144, 147 (Tex. Crim. App. 1984).

 The first prong of the test is met; deadly conduct is a lesser included offense of attempted
murder. See Godsey v. State, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986) (en banc); Tex. Penal
Code Ann. §§ 15.01, 19.02, 22.05 (Vernon 2003). Regarding the second prong of the required
analysis, attempted murder and deadly conduct require different culpable mental states. To convict
Guzman of attempted murder, the State had to prove he intentionally or knowingly intended to cause
the death of the complainant. See Gentry v. State, 881 S.W.2d 35, 40 (Tex. App.-Dallas 1994, pet.
ref'd); Tex. Penal Code Ann. §§ 15.01(a), 19.02(b)(1). The defendant's specific intent to kill may
be inferred by the jury from the use of a deadly weapon. Brown v. State, 122 S.W.3d 794, 800 (Tex.
Crim. App. 2003), cert. denied, 124 S. Ct. 1678 (2004). Deadly conduct, however, requires a less
culpable mental state. A person commits deadly conduct "if he recklessly engages in conduct that
places another in imminent danger of serious bodily injury." Tex. Penal Code Ann. § 22.05(a).
Recklessness and danger are presumed when the actor knowingly points a firearm at or in the
direction of another whether or not the actor believes the firearm to be loaded. Tex. Penal Code
Ann. § 22.05©.

 We do not find support in the record for a rational jury to conclude Guzman was only guilty
of deadly conduct. The jury heard testimony that Guzman retrieved a handgun from his backyard,
intending to confront Daniella Galvan after she had broken off their relationship. Guzman testified
that he removed the clip from the gun, but did not check the chamber. He stated his purpose in using
the gun was to "scare" Galvan by pretending to threaten her with deadly force. Any statement by
Guzman that he did not intend to kill Daniella Galvan cannot be examined in a vacuum and alone does
not necessarily require an instruction on deadly conduct as a lesser included offense. Ramirez v. State,
976 S.W.2d 219, 227 (Tex. App.-El Paso 1998, pet ref'd); see also Johnson v. State, 915 S.W.2d
653, 659 (Tex. App.-Houston [14th Dist.], 1996, pet. ref'd). Guzman further testified that he
grabbed Daniella Galvan, intentionally put the gun to her head and intentionally pulled the trigger.
Guzman admitted that he knew a gun could cause death or serious bodily injury, but he decided to
pull the trigger because he was upset. The gun discharged, shooting Daniella Galvan in the head and
causing her serious bodily injury. 

 Considering all the evidence, we cannot say that the trial court erred by failing to include a
lesser included offense instruction on deadly conduct. There is no evidence to support a finding that
discharge of the gun was accidental; on the contrary, Guzman admitted he intended to pull the trigger
and knowingly did pull the trigger. Guzman's conduct of intentionally pointing a gun at Daniella
Galvan's head and pulling the trigger extends beyond recklessly placing another in imminent danger
of serious bodily injury. See Johnson, 915 S.W.2d at 659 (holding that defendant was not entitled
to a charge of deadly conduct where he deliberately and intentionally shot the complainant); cf. Hayes
v. State, 728 S.W.2d 804, 809-10 (Tex. Crim. App. 1987) (holding that charge of reckless conduct
was necessary where evidence showed the gun might have gone off accidentally during a struggle).
The evidence that Daniella Galvan was injured by Guzman's intentional act of shooting her precludes
a rational inference that Guzman was only guilty of deadly conduct; therefore, Guzman was not
entitled to a lesser included instruction on deadly conduct. See Ramirez, 976 S.W.2d at 227.
Guzman's first issue is overruled.

 2. Guzman contends that the trial court erred in its response to the jury's questions regarding
assessment of a fine. During its deliberations on punishment, the jury sent out a note containing four
questions regarding payment of a fine. (1) The judge prepared a written response stating, "Ladies and
gentleman, I am not allowed to answer your questions. Simply read the charge and follow the law and
instructions in the charge. Continue your deliberations. Thank you." Access to this written answer
was made available to defense counsel and the response was read to the jury in open court. Guzman
argues that the court erred because it was compelled by Article 36.27 of the Texas Code of Criminal
Procedure (2) to specifically answer the jury's questions about the law. We disagree. We think the
written response is proper and within the discretion of the trial judge under Article 36.27. See
Allaben v. State, 418 S.W.2d 517, 520-21 (Tex. Crim. App. 1967) (recognizing that the Court has
discretion to refuse to answer the jury by referring them to the Court's charge when it deems the
jury's questions to be improper). In addition, it is well-settled that when communications between
the court and jury does not amount to an additional instruction, noncompliance with Article 36.27
does not constitute reversible error. See McFarland v. State, 928 S.W.2d 482, 517-518 (Tex. Crim.
App. 1996); overruled on other grounds, Mosley v. State, 983 S.W.2d 249, 264 n. 18 (Tex. Crim.
App. 1998); see also Rodriguez v. State, 625 S.W.2d 101, 102 (Tex. App.-San Antonio 1981, pet.
ref'd). It is evident from the record that the court's response did not constitute additional instructions.
The Court of Criminal Appeals has made it clear that "a refusal to answer the jury question does not
constitute additional instructions..., nor is a referral to the original charge considered an additional
instruction." Allaben, 418 S.W.2d at 520; see also Nacol v. State, 590 S.W.2d 481, 486 (Tex. Crim.
App. 1979) (jury instructed to consider only what was included in the charge). We hold the trial court
did not err and overrule Guzman's second issue. Based on the foregoing reasons, we affirm the trial
court's judgment.


 Phylis J. Speedlin, Justice


DO NOT PUBLISH
1. The jury submitted the following questions: "1. Who pays the fine? 2. How is the fine applied? 3. Are the
family members of the defendant liable? 4. Is the time served applicable to the fine? ($2.00 dollars per day) example."
2. Article 36.27 provides: "When the jury wishes to communicate with the court, it shall so notify the sheriff,
who shall inform the court therof. Any communication relative to the cause must be written, prepared by the foreman
and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and
before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his
counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or
objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before
the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then
he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall
be read in open court unless expressly waived by the defendant." Tex. Code Crim. Pro. Ann. art. 36.27 (Vernon
1981).