**AFFIRM; and Opinion Filed June 3, 2013.**



# In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00415-CR

## MARIO ERNESTO CHAVEZ, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F10-25414-M

## OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Fillmore

A jury found Mario Ernesto Chavez guilty of continuous sexual abuse of a child and assessed punishment of seventy-five years' imprisonment. In three issues on appeal, Chavez asserts the trial court erred by failing to give a punishment phase "curative" instruction to the jury concerning consideration of parole, and that he received ineffective assistance of counsel because his attorney failed to request the instruction or object to the trial court's failure to give the instruction. We affirm the trial court's judgment.

## Background[1]

A jury found Chavez guilty of the continuous sexual abuse of his niece, a child under the age of fourteen. *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2012). During punishment deliberations, the jury sent the following note to the trial court:

─Is parole an option
─With life sentence, when is defendant eligible for parole
─What is the earliest date defendant is eligible for parole with the 25 year sentence
─When/if released from prison, is defendant deported
─Is any time served to date credited towards his sentence

In response, the trial court returned a note to the jury which stated, "You have all the law. Please continue your deliberations." The record contains no objection by Chavez to the trial court's note to the jury, nor any request by Chavez that the trial court send a note to the jury containing alternate language. The jury assessed punishment of seventy-five years' imprisonment. *See* § 21.02(h) (offense under section 21.02 is punishable by imprisonment for life, or for any term of not more than ninety-nine years or less than twenty-five years).

Chavez filed this appeal of the punishment assessed by the jury. Chavez contends that once the trial court became aware that the jury was discussing the parole implications of his sentence, the court erred by failing to give a "curative" instruction to the jury that it should not consider parole, and that, by his counsel's failure to request the trial court to give a curative instruction or to object to the trial court's failure to give a curative instruction, he received ineffective assistance of counsel. Chavez contends the case should be remanded to the trial court for a new punishment hearing.

---

[1] Chavez does not challenge any aspect of the guilt/innocence phase of the trial, including sufficiency of the evidence to support his conviction. Therefore, we recite only the facts necessary to address Chavez's complaints on appeal.

**Failure to Give Jury Instruction**

In his first issue, Chavez contends the trial court erred by failing to give a curative instruction that the jury was not to consider parole in response to the jury's questions regarding parole during the punishment deliberations. The State responds Chavez failed to preserve this issue for appeal, and the trial court was not required to give the jury an instruction regarding parole where Chavez was found guilty of continuous sexual abuse of a child.

Chavez did not object to the trial court's response to the jury's note, nor did Chavez request that the trial court respond to the jury's note by informing the jury that it may not consider the effects of parole during its punishment deliberations. Therefore, Chavez has failed to preserve that complaint for appellate review. *See* TEX. R. APP. P. 33.1. However, Chavez contends that when the trial court became aware that the jury was discussing the parole implications of its sentence, the court erred by failing *sua sponte* to inform the jury that it may not consider the effects of parole during its punishment deliberations.

The trial court is required to give the jury a written charge "setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Article 37.07, section 4 of the code of criminal procedure provides the instructions that trial courts are required to give juries to inform them about the law of parole. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West Supp. 2012). In explaining the Legislature's intent regarding the provisions of article 37.07, the court of criminal appeals has explained that "the Legislature did not want any creative deviations from its chosen language" regarding parole law instructions; consequently, trial judges cannot "cut and paste as they see fit." *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002).

Article 37.07, section 4, provides that the language generally required in a charge addressing the law of parole does not apply to offenses arising under section 21.02 of the penal code, offenses arising under section 22.021 of the penal code that are punishable under section(f) of that section, or to capital felonies. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4. Section 508.145(a) of the government code provides that a person serving a sentence for continuous sexual abuse of a young child is not eligible for release on parole. TEX. GOV'T CODE ANN. § 508.145(a) (West 2012). Chavez was convicted of continuous sexual abuse of a child, a violation of section 21.02 of the penal code. *See* TEX. PENAL CODE ANN. § 21.02(b). Thus, the instructions to inform a jury about the law of parole contained in article 37.07 do not apply to Chavez.

In *Cross v. State*, No. 09-11-00406-CR, 2012 WL 6643832 (Tex. App.—Beaumont Dec. 19, 2012, pet. ref'd) (mem. op., not designated for publication), a jury convicted the defendant of continuous sexual abuse of a child. The defendant complained on appeal that the trial court erred when it denied his request to include an instruction in the jury charge given in the punishment phase of the trial advising the jury that he would not be eligible for parole. *Id*., 2012 WL 6643832, at *4. The appellate court concluded the trial court did not err by refusing the defendant's requested instruction concerning his ineligibility for parole. *Id*. at *5. The court noted "[t]he Court of Criminal Appeals has expressed its reluctance to deviate from statutory instructions that are prescribed by the Legislature." *Id*. at *4 (citing *Luquis*, 72 S.W.3d at 364)). "The Court of Criminal Appeals has indicated that generally, special, non-statutory instructions have no place in the charge." *Id*. at *4; *see also Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2012) ("special, non-statutory instructions, even when they relate to statutory offenses or defenses, generally have no place in the jury charge"). In *Cross*, the instruction the defendant requested "about the potential effect of a conviction on his eligibility for parole was a

–4–

special, non-statutory instruction." *Cross*, 2012 WL 6643832, at *4. The Legislature has not provided for such an instruction in prosecutions for continuous sexual abuse of a child, and, consequently, the appellate court concluded the trial court did not err in refusing the instruction the defendant requested. *Id*.;[2] *see also Allaben v. State*, 418 S.W.2d 517, 520 (Tex. Crim. App. 1967) (no error under article 36.27 of code of criminal procedure where trial court's oral statement to jury amounted to refusal to answer jury question; referral to original charge does not constitute an additional instruction).

At submission, Chavez's counsel acknowledged Chavez was not claiming the law required that an instruction on parole be included in the jury charge. Instead, Chavez contends that once the trial court received the jury's note and became aware that the jury was discussing parole implications of its sentencing decision, the court had an obligation *sua sponte* to provide a curative instruction that the jury was not to consider the effects of parole. However, Chavez has not cited us to any appellate court opinion, nor are we aware of any appellate court opinion, holding that a trial court *sua sponte* must provide such a special, non-statutory curative instruction in a section 21.02 case.[3] We conclude the trial court did not err by failing *sua sponte* to provide a special, non-statutory curative instruction to the jury that it may not consider the effects of parole. *See Cross*, 2012 WL 6643832, at *4. We resolve Chavez's first issue against him.

---

[2] *See also Guzman v. State*, No. 04-03-00548-CR, 2004 WL 2168626 (Tex. App.—San Antonio Sept. 29, 2004) (mem. op., not designated for publication), *aff'd*, 188 S.W.3d 185 (Tex. Crim. App. 2006). In *Guzman*, during deliberations on punishment, the jury sent out a note containing questions regarding payment of a fine. The trial judge's written response to the jury stated, "Ladies and gentleman, I am not allowed to answer your questions. Simply read the charge and follow the law and instructions in the charge. Continue your deliberations." 2004 WL 2168626, at *2. The San Antonio appellate court concluded the trial court's response to the jury's questions was proper and within the trial judge's discretion under article 36.27 of the code of criminal procedure. *Id*.

[3] Chavez asserts *Ramos v. State*, 831 S.W.2d 10 (Tex. App.—El Paso 1992, pet. ref'd) is "instructive." However, *Ramos* is distinguishable from this case. In *Ramos*, the defendant failed to request that the statutory instruction on parole be included in the jury charge. *Id*. at 17. On appeal, the *Ramos* court held that even if a defendant fails to request the statutory instruction on parole, failure to give a "curative" instruction is error when the jury raises a question about parole during deliberations and the defendant requests an instruction at that point. *Id*. at 17–18. In this case, Chavez was not entitled to the statutory instruction on parole in the jury charge. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4. Further, Chavez did not object to the trial court's response to the jury's note concerning parole. Accordingly, we do not find Ramos "instructive" with respect to our resolution of this appeal. *See Gilstrap v. State*, No. 14-01-01186-CR, 2002 WL 31718482, at *1 (Tex. App.—Houston [14th Dist.] Dec. 5, 2002, no pet.) (not designated for publication) (distinguishing *Ramos*, where jury inquired about parole during deliberations, but defendant in aggravated robbery case did not request the statutory instruction on parole upon receiving the jury's note).

**Ineffective Assistance of Counsel**

In his second and third issues, Chavez argues he received ineffective assistance of counsel because his attorney neither objected to the trial court's failure to give a curative instruction to the jury nor requested the jury be given a curative instruction that it was not to consider the effects of parole "after it [became] clear that the jury [was] considering the parole implications of its sentence."

We examine ineffective assistance of counsel claims by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted in *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). The first prong of *Strickland* requires the defendant to show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). The second prong of *Strickland* requires the defendant to show there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Ex parte Lane*, 303 S.W.3d at 707. A defendant's failure to satisfy the first prong negates the need to consider the second prong. *Strickland*, 466 U.S. at 697; *Ex parte Lane*, 303 S.W.3d at 707.

We have concluded with regard to Chavez's first issue that the trial court did not err by failing *sua sponte* to provide a special, non-statutory curative instruction regarding parole in response to the jury's questions. Therefore, we conclude there was no error by Chavez's trial counsel in failing to object to the trial court's failure to give a curative instruction to the jury or to request the jury be given a curative instruction that it was not to consider the effects of parole during its punishment deliberations. Because Chavez cannot satisfy the first prong of *Strickland*, we resolve Chavez's second and third issues against him. *See Townsley v. State*, No. 05-11-

00921-CR, 2012 WL 6634679, at \*4 (Tex. App.—Dallas Dec. 21, 2012, no pet.) (mem. op., not designated for publication).

## Conclusion

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
Tex. R. App. P. 47

120415F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MARIO ERNESTO CHAVEZ, Appellant

No. 05-12-00415-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-25414-M.
Opinion delivered by Justice Fillmore,
Justices Lang-Miers and Murphy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of June, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE